## No. 10,764.

### INTERDICTION OF THOS. W. BOTHICK.

| 43 | 547 |
| 44 | 1038 |
| 43 | 547 |
| 47 | 44 |
| 43 | 547 |
| 52 | 1875 |
| 43 | 547 |
| e111 | 959 |
| 43 | 547 |
| 114 | 1093 |

Under the provisions of Articles 405, 413, 415 of the Revised Civil Code, which are analogous to Article 507 N. C., a wife is relieved from the disabilities which generally attach to women, and may be appointed curatrix of her interdicted husband, without being bound in this State to furnish security; but she can be thus appointed *only* on the recommendation of a family meeting, duly convened, and held.

In cases of appointments of curators to interdicted persons, the appointment is *dative*, that is, conferred by the court, with the advice of a family meeting. In the case of the appointment of a curator to an interdicted married woman, the appointment of the husband is *legal*, the law conferring on him the *right*, " *of course*," to be appointed. The same right is not given to the wife, in case of the interdiction of her husband.

The Supreme Court, in the exercise of its appellate jurisdiction, has merely the powers of the lower court in the cases brought before it for review.

That which the court of first instance could not legally do, the Supreme Court is incompetent to do.

Where the wife and a son of age of an interdicted person raise concurrent claims to the tutorship, the lower court could not make the appointment of either without the recommendation of the family meeting. This court is likewise powerless without such recommendation.

As in cases of tutorship, where the various functions of the trust can be divided, so in cases of curatorship of interdicts, one may be appointed to take charge of the person, and another to administer the property.

A PPEAL from the Civil District Court for the Parish of Orleans. *Voorhies, J.*

*Aug. Bernau* for Plaintiffs and Appellants:

A married woman can not stand in judgment without the authority of her husband or in the event of her husband's inability to authorize her, without being

authorized by the court. In such a case the court will proceed to render its decree without considering the answer or intervention filed in court by the wife of the person sought to be interdicted, or if it be necessary that the wife be made a party to the suit, the Supreme Court will remand the case to the lower court to be proceeded with as required by law. Delacroix vs. Hart, 24 An. 141; Saunders vs. Burns, 38 An. 367.

Under the law of Louisiana, ascendants and descendants as well as husbands are the legal curators of persons interdicted (Article 229 C. C.; Article 412 R. C. C.), while under the law of France, the husband's curatorship only is a legal curatorship.

All other curatorships, including that of the wife over her interdicted husband, are dative. Duranton, 3d Vol. pp. 683 (751, 752); Demolombe, Vol. 8, pp. 370 (564, 565, 566); Baudry Lacantinerie, p. 692, Secs. 1172, 1173, 1174; 9th Dalloz, alph, 547 (Cass, November, 27, 1816); Ball's Administrator vs. Bail, 15th Louisiana, 180; Curatorship of Sarah J. Beecroft, 28 An. 825. And in the absence of grave reasons the curatorship should be conferred on ascendants or descendants. Reportoire General Volume, 8th page, 578 (Metz, February 16, 1842, Bruyere vs. Thomassin)

The meaning of the words "the wife may be appointed curatrix to her husband, etc." * * * derived from the code of France, must be sought in the construction placed upon the same by the French courts and jurists, and the fact that in Louisiana, the wife, when appointed, is exempted from giving bond, while in France it is left to the family meeting to regulate the terms and conditions of the administration when appointed, does not make the wife's curatorship a legal curatorship. Under the law of France, the terms and conditions of all curatorships are fixed by the family meeting. Duranton, 753; Touillier, 1348; Delvincourt. 1, p. 132, No. 3; Repertoire General "Interdiction," Vol. 8, 579.

As the rules respecting the tutorship of minors apply to the curatorship of interdicted persons (Article 415 Civil Code), the judge can not, in the absence of the recommendation of a family meeting, appoint the wife curatrix of her husband. Succession of Arlaud, 42 An. 320.

The children of an interdicted person being under the law and under penalty of disinherison bound to take care of their insane father, and to maintain him in case of need, should be consulted in the appointment of a curator. And as they will inherit his estate upon his death, they have a right to complain whenever the same is placed in jeopardy. Interdiction Watson, 31 An. 761.

Under Article 404 of the Civil Code, the appointment of the curator can not be made except after the rendition of the judgment of interdiction, and it has been held in France, that if made before the rendition of the judgment of interdiction, or within the time intervening between the rendition of the judgment and its finality, that the same is a nullity. Repertoire General, Vol. 8, p. 577 (Cass: October 13, 1807; Darnierres-Touillier, 1385; Duranton, 749; Prudhomme, 2, 332). Yet, nevertheless, where the appointment of a curator and a judgment of interdiction are pronounced and made in the same decree, the cost of such proceeding should be borne by the estate of the interdict. A party should not be mulcted in costs merely because he has been unsuccessful in being appointed curator of his father, where the law (as a near relation) forces him, when necessary, to obtain such interdiction, and. when he is successful in so doing. Tutorship Rose Amy Mossy, 3d Robinson, 394; Succession Lewis, 10 An. 791; 10th La. 440, 441.

*James McConnell* and *Frank L. Richardson* for Defendant and Appellee:

The wife may be appointed curatrix to her husband if she has, in other respects, the necessary qualifications. She is not bound to give security. C. C. 413.

The authorization of a family meeting is not necessary before this appointment can be made by the court. *Ibid.*

Articles 507 and 509, Code Napoleon, were materially altered when incorporated in the Louisiana Civil Code, and the adjudication, by the courts of France, based upon these articles, are not to be considered in interpreting Article 413, Civil Code.

Where charges are made, which were shown to be unfounded, and a mass of testimony is introduced creating a most expensive litigation, the defeated party is properly condemned to pay the costs. C. P. 157.

---

The opinion of the court was delivered by

BERMUDEZ, C. J. The children of Thos. W. Bothick, an interdicted person, appeal from a judgment appointing his wife (their stepmother) as his curatrix.

They complain that the District Judge had no power to make the appointment in the absence of a family meeting. In support, they contend that the curatorship of interdicted persons is *dative*, unless in the case of the wife, when the husband is, of course, *of right*, the curator of the wife, the curatorship then being *legal*.

The article of our Code which is invoked as justifying the appointment by the judge without the intervention of a family meeting, is. Article 413, R. C. C. (400 C. of 1825), which reads:

"The wife may be appointed curatrix to her husband, if she has, in other respects, the necessary qualifications. She is not bound to give security."

The first sentence is taken from the Code of 1808. The second is an addition to it by the compilers of the Code of 1825.

The main portion of the first sentence was borrowed from the Napoleon Code, Article 507, which is in these words: "La femme peut être nommée tutrice de son mari."

The difference between the two texts, thus far, consists in this, that the word *curatrix* is used in our Code, instead of the word "*tutrice*" found in the original.

The French Code, however, contains another sentence, which is:

"En ce cas, le conseil de famille règlera la forme et les conditions de l'administration, sauf le recours devant les tribunaux de la part de la femme qui se croirait lésée par l'arrêté de la famille."

That sentence was not retained by the framers of the Code of 1808, who replaced it by the provision, "if she has, in other respects, the necessary qualifications."

It is apparent that, when the first sentence was imported into our system, it was borrowed with the meaning attaching to it.

A review of the commentators of the jurisprudence relative to it establishes conclusively that the curatorship of interdicted persons has always been considered as *dative*, with the exception stated, when it is *legal*. See Duranton, Vol. 3, pp. 683, 752; Demolombe, Vol. 8, p. 370; Favard, Vo. Interdiction, Sec. 2, No. 10; Delvincourt, Vol. 1, p. 481; Maguin, Vol. 1, 866; Chardon, Puiss. Marit., No. 87; Mourlon, Vol. 1, No. 1296; Marcadé, Vol. 2, p. 312, *note;* Baudry Lacantinerie, Dr. Civ., No. 1172; Delsol, Vol. 1, p. 393, No. 677; Cour de Cassation, 27 Nov. 1816. They are all to the same effect.

*Dative* tutorship, or *dative* curatorship, is that which is conferred by a family meeting on a person having charge of a minor, or of an interdict.

The wife is not *of right* the tutrix or curatrix of her interdicted husband; but she *may* be chosen by the family meeting. The law has taken care to say expressly that she *can* be appointed, because, on principle, women are excluded from the tutorship, unless in stated cases. The French law declares that, in case the wife is appointed (by the family meeting), the family meeting will prescribe or regulate the mode of administration.

An attentive consideration of these authorities shows that they do not rest *upon* the *second* provision of the law, but solely on the *first*, which declares that the wife *may* be appointed. Indeed, the second sentence may be treated as surplusage, and it is perhaps for that reason that it was not engrafted in the Code of 1808.

The words: *en ce cas*, etc., mean that, *in case* the wife is appointed, *the* family meeting will direct or regulate the mode of administration. They refer to matters occurring *subsequent* to the appointment, which is presupposed as a condition precedent.

The appointment of the wife by the family meeting has been deemed as required by the *first* sentence, for the reason that it is, as a rule, *dative* and not *legal*, particularly in the case of the interdiction of the husband, although it be the latter when the wife is the interdicted person.

Interdiction of Bothick.

When the family meeting appoints, *it* may, at the same sitting and during the course of the same deliberations, regulate the administration by the wife, under reserve of her right to claim redress eventually.

By conferring on the wife the privilege of appointment, the law has merely relieved her from the incapacity otherwise absolute, and enabled her *for the appointment*, thereby placing her on an equal footing in the class of persons susceptible of being appointed to the charge of the person and property of the incapacitated unfortunate being.

It is perfectly clear that the *second* sentence of the French article confers on the family meeting *no* rights which it would not have possessed had the permission *not* existed; for it is apparent that a family meeting has the unquestionable right to direct how the person of the interdicted shall be taken care of; how his property shall be administered, as interdicted persons are assimilated to minors, and family meetings advising on the interest of minors are vested with such powers. It would have taken prohibitory legislation to strip them of those powers, and surely there exists none on these subjects.

The article of the Code of 1808 has remained intact up to the present time, with the exception that it was enlarged in 1825, by the compilers of the Code of that year, so as to relieve the wife, when appointed, from the obligation of furnishing security. It contains, *ab initio*, a fragment of sentence which is to the effect that the wife may be appointed curatrix of her interdicted husband, if she possesses, in other respects, the necessary qualifications.

This addition may itself be considered as surplusage, for the obvious reason that, had it not been made, it could not be denied that the wife could not be appointed, if she did *not* possess the necessary qualifications.

So that Article 413, R. C. C., received in the light of the interpretation placed by the French jurists on Article 507, N. C., may be construed as meaning that the wife *may* be appointed curatrix of her interdicted husband on the recommendation of a family meeting, and, in that event, will not be bound to give security.

It appears in the present instance, that the children of the interdicted, all of age, save the minors of a deceased daughter, oppose

the appointment of their stepmother, and agree that one of them-selves should be entrusted with the curatorship of their father.

Articles 405 and 415, R. C. C., prescribe that the *appointment* of a curator and his administration shall be regulated as in case of minors.

It is wise, in cases of this description in which there is competition and one of the aspirants may be relieved from security, that the choice be left *not* to the judge *alone*, but to the family meeting, who are more competent to determine to which of the applicants the trust shall be confided.

This view of the case relieves the court from the necessity of considering the cross charges of incompetency set up by the parties.

It is therefore ordered and decreed that the judgment appealed from, appointing Mrs. Bothick curatrix of her interdicted husband, be reversed, and her demand for appointment be rejected; reserving the right of the parties and of any one else to be appointed to the trust, on the recommendation of a family meeting, in due course of law, the said judgment in other respects to remain undisturbed, ap-pellee to pay costs in both courts.

---

ON APPLICATION FOR A REHEARING AND AMENDMENT OF JUDGMENT.

We have given due attention to the application for a rehearing in behalf of Mrs. Bothick, and to the brief in its support; but have not been convinced that our previous decree is erroneous. We must therefore adhere to it.

On the other hand, it is urged that the judgment annulling the appointment of Mrs. Bothick should have gone further, and that James W. Bothick, a son of the interdicted, should, agreeably to the wish of the other children, have been appointed *by this court* curator to his father.

In the original opinion it is distinctly stated that the appointment of a curator to an interdicted person is *dative* unless in the case of that of the husband to the wife, which is *legal*, and can not be con-ferred without the recommendation of a family meeting.

What is *law* when the wife is concerned, is likewise *law* when others are likewise interested; particularly is such the case where the wife concurrently claims the curatorship.

It is clear that she can not be excluded from it merely because a

NEW ORLEANS, MAY, 1891. ' 553

State ex rel. Bothick et al. vs. Judge.

son of the interdicted, who is acceptable to the other children, claims the appointment.

Both applications, and any other which may be made, must be submitted to the same family meeting, whose duty it will be to recommend the best fitted and most proper person to take charge of the person and property of the interdicted. The judge will next have to act on the recommendation in the exercise of his sound legal discretion.

We are not presently concerned with the apprehended consequences in case the wife is not recommended and not appointed. It may be that she will be recommended and appointed to take charge of the person and: property of the interdicted, or merely entrusted with the custody and care of his person, under the wise and humane provisions of the law, if applied in such doleful circumstances, by the the family meeting in the discharge of their duty. Both applications. are refused.