## No. 6.

M. D. C. CANE, TUTRIX, ET AL., VS. J. D. CAWTHON, SHERIFF, ET AL.

A third person in good faith lending money to a minor by authority of a Court of competent jurisdiction, is protected by the Decree, whether the loan was necessary and used for the minor, or not. Previous Decisions re-affirmed.

APPEAL from the First Judicial District Court, parish of Caddo. *Taylor*, J.

Wise & Herndon for plaintiff and appellee :

First—The presence of the under tutor is indispensable at a family meeting, and a family meeting held without his presence and advice is illegal and void. R. C. C. 276 ; 6 N. S. 454 ; Commaux vs. Baibin, 10 La. top pg. 574 ; Stafford *ux* vs. Villair *et al.* 941 ; Tutorship of Bates.

Second—Minors are never estopped, and may go behind the proceedings of a family meeting, and judgment homologating the same, and show fraud and irregularities in the proceedings. 16 An. 98 ; Zuntz vs. Mrs. Courcelle *et al.* 1 H. D. pg. 9, 18, 27 ; 5 Rob. 287 ; Dorse vs. Leaumont, 4 An.; Hull vs. Woods, 85.

Third—Minors' property cannot be sold without the benefit of appraisement. R. C. C. 346 and 342 ; Short, admr. vs. Piety, 3 Rob. 262 ; 14 An. 597 ; Roberts *et al.* vs. W. W. Brown *et al.*

Alexander and Blanchard for defendant and appellee :

First—The property of minors can be validly and legally mortgaged by the advice and consent of a family meeting, duly homologated by the probate judge. Civil Code 339, 340.

Second—The proceedings in this case were formal and regular, and in strict accordance with the requirements of the above articles of the Code.

Third—Mrs. Hatkinson and her agent, in making the loan, acted in good faith, relying on the decree of a court of competent jurisdiction, and without knowledge of any fraud—if any such there was—on the part of the tutrix or her agent.

Fourth—"The decree of homologation was a sufficient protection to the lender of the money, and she was not bound to look beyond the decree in order to ascertain whether any debts of the succession were laid before the family meeting or not, neither was she bound for the judicious application of the money to the payment of the debts by the tutor, after she placed the money in his hands." 13 A. 364, 9 L. 192, 14 L. 467, 16 L. 120, 17 L. 194, 7 R. 63.

" There can be no dispute at this day as to the entire correctness of the proposition that third persons dealing *bona fide* are protected by final decrees rendered by courts having jurisdiction of the persons and subject matter before them, and this *whether said judgments be right or wrong, honest or fraudulent.*" Succession of Elliott, 31 A. 35.

--------

The opinion of the Court was delivered by

BERMUDEZ, C. J. An order for the seizure and sale of certain real estate, represented as mortgaged to secure the payment of a loan of money ($4400), having been rendered, and steps having been taken for the enforcement of that decree, the plaintiffs have applied for and obtained an injunction, for the purpose of having it judicially declared that neither the debt, nor the mortgage claimed, have any existence. The injunction thus granted having been dissolved, the plaintiffs have taken an appeal, and ask that the judgment of the lower court be reversed, and that their injunction be perpetuated.

The facts elicited during the trial of the case are the following :

Mrs. Cane, as legal tutrix of her minor grandchildren, presented a petition to the proper probate court, averring reasons to show the necessity of borrowing, on giving a mortgage, a sufficient amount of money, to pay debts due by the minors, and praying for the convocation of a family meeting, to consider and pass upon the propriety of such loan and mortgage. Her prayer was granted. The meeting was held, and advised the loan and the mortgage. The *procès verbal* of deliberations was approved by the under tutor of the minors. The conclusions of the family meeting and of the under tutor were homologated, and the tutrix was authorized, by the Court, to borrow the amount, and to

secure its payment by special mortgage on the real estate described. With that authority in hand, acting in her official capacity, she contracted the loan, issued her note, and secured its payment by mortgage on the real estate designated, belonging to the minors.

From the mortgagee the note passed, by transfer and subrogation, to a third person, who, upon failure of payment, instituted and prosecuted the executory proceedings first mentioned.

The legal tutrix, and one of the minors emancipated by marriage, have enjoined the seizure and sale of the property on several grounds, which are substantially: first, that it was unnecessary to make the loan; second, that the money obtained did not inure to the benefit of the minors, but was borrowed for the use of their tutrix, to the knowledge of both the mortgagee and subrogee; third, that the proceedings were irregular and are not binding, because the under tutor of the minors was not present at and took no part in the deliberations of the family meeting.

In 13 A. 364, this Court held: The decree of homologation was a sufficient protection to the lender of the money, and she was not bound to look beyond the decree in order to ascertain whether any debts of the succession were laid before the family meeting or not. Neither was she bound for the judicious application of the money to the payment of the debts by the tutor, after she had placed the money in his hands.

In 31 A. 35, this Court again held : There can be no dispute, at this day, as to the entire correctness of the proposition, that third persons dealing *bona fide* are protected by final decrees rendered by courts having competent jurisdiction of the persons and subject matter before them, and this, whether said judgments be right or wrong, honest or fraudulent.

In 28 A. 418, which is a case somewhat similar on principle, the Court protected an innocent third person against unwarranted assaults from a fully emancipated minor.

These rulings are supported by abundant authorities.   9 L. 192 ; 14 L. 467; 16 L. 120; 17 L. 194; 7 R. 63.

The testimony signally fails to show any fraudulent intent on the part of the tutrix, and still less the knowledge of such intent charged on the mortgagee and subrogee.   These were heard as witnesses on the trial of the case, and have unhesitatingly testified to the reverse of the charges propounded against them, in a manner conclusive [of their entire good faith throughout the whole transaction.

The evidence does not destroy the presumption which attaches to the correctness and authenticity of the *procès verbal* of the deliberations of the family meeting, from which it is legitimate to infer that the under tutor was present at the assembly.   It is proper to remark that the

petition, presented by the tutrix for the homologation of those delibera-
tions, was expressly concurred in by the under tutor *in person.*

We do not think that this is a case in which damages can now be
allowed.   The lower judge properly reserved the alleged right of the de-
fendant in injunction to demand the same in a different action.

The judgment of the district court is therefore affirmed with costs.