## No. 159.

### E. MARTIN, TUTOR, vs. JOHN LAKE, SHERIFF, ET AL.

Article 342 of the Civil Code, which prohibits the sale of a minor's property for less than its appraised value mentioned in the inventory, applies only to sales provoked by his tutor, during the course of his administration, and not to sales under execution, either of judgments, or by executory process for the foreclosure of a mortgage executed by the tutor with the authorization of a competent court, under the advice of a family meeting.

In such a mortgage it is competent in law for the tutor to waive the benefit of appraisement in case of execution, and to agree to pay attorney's fees in case of suit for collection.

A stipulation for usurious interests in such a mortgage, when the interests are capitalized, cannot entail a forfeiture of the interests, and much less vitiate the whole contract.

APPEAL from the First District Court, Parish of Caddo. Taylor, J.

Land & Land for Plaintiff and Appellant.

Alexander & Blanchard for Defendants and Appellees.

ON MOTION TO DISMISS

The opinion of the Court was delivered by

POCHÉ, J. The ground of the motion is that the amount in dispute does not exceed two thousand dollars.

From the evidence in the record, admitted on this point without objection, we are satisfied that the reasonable value of the lands in controversy does exceed the amount of the lower limit of our jurisdiction,. hence the motion must be denied.

### ON THE MERITS.

The following facts substantially have given rise to this litigation :·

Plaintiff, as the natural tutor of his minor son, asked and obtained of a competent family meeting, the authority to borrow the sum of $1200 for the account of the minor, and to secure the loan by a conventional mortgage on the lands now in controversy, which constitute· the entire estate of the minor. The necessity for the loan was represented to be to discharge a legal indebtedness of the minor, consisting of a pre-existing mortgage, of taxes and of other items amounting: together, to about $1000.

The family meeting whose proceedings were duly homologated by· the court with full knowledge of all the facts, specially authorized the· loan with interest of 12 per cent per annum; and further empowered the tutor to stipulate for attorney's fees in case of suit for collection, and to waive the benefit of appraisement in case of execution.

The tutor then executed a note for $1344, to represent the capital of the loan, and the interests for one year capitalized, and also executed. the mortgage in accordance with the authority thus vested in him.

At the maturity of the note, the holder seized the lands under executory process; they were sold without appraisement and adjudicated to a third person for $801.

Plaintiff now sues for the nullity of the sale and relies on the following grounds:

1st. That immovables belonging to a minor cannot be sold for less· 'than their appraised value, or without appraisement.

2d. That a minor could not be bound for attorney's fees in case of suit for collection.

3d. That the rate of interest stipulated in the mortgage was usurious.

He is appellant from a judgment rejecting his demand.

1st. His first ground of nullity involves two legal propositions :· First, that a minor's property cannot be sold for less that its appraised value mentioned in the inventory; second, that a waiver of the benefit of appraisement by a tutor on behalf of his ward, under the advice of a family meeting, is reprobated by law, and is, therefore, null and void.

Martin vs. Sheriff et al.

His main reliance is on art. 342, of the Civil Code, which provides in substance that the minor's property cannot be sold for less than the amount of its appraised value mentioned in the inventory.

The first inquiry which the purview of the article suggests to the legal mind is to ascertain what sale, and under what authority the sale contemplated is to be made.

The answer is suggested by the preceding article which reads: "The sale of the property of the minor shall be authorized by the judge, and made at public auction, after having been duly advertised in the manner prescribed for other judicial advertisements," etc. The reading of this article and the fact that both articles are included in the Code with the title "of the administration of the tutor," make it very clear to our minds that the prohibition is intended to apply only to sales under probate proceedings, as part of the tutorship administration and not to forced sales, either in execution of judgments or under executory process.

This construction is rendered certain by the provisions of art. 345, which in precise terms excepts from the operation of the prohibition, sales made in execution of judgments, or for licitation among co-heirs.

Reasoning by analogy and guided by the provisions of arts. 990, 991 and 992 of the Code of Practice, our jurisprudence has recognized another exception and has firmly settled the rule that, in sales of succession property for the purpose of paying debts, minor's property could be sold for less than the appraised value of the same. Towles, Admx. vs. Weeks et al., 7 La. 312; Carter vs. McManus, 15 Ann. 641; Succession of Hood and Wife, 33 Ann. 466; Succession of Escaraguell, 36 Ann. 155.

In the case of the Hood succession we had occasion to make a thorough investigation of the law on this subject, and we therein refer to numerous decisions which contribute to crystalize the rule now under consideration; and we there showed that the appraisement to be followed at the sale, could be made for the purposes of the sale, and was not necessarily the appraisement mentioned in the inventory.

Having demonstrated the nature of some of the exceptions from the rule of prohibition, we are left to consider if the enumeration of sales in execution of judgments does not necessarily include sales under executory process. It seems to us that there can be no doubt of the correctness of the proposition. A mortgage can be foreclosed by executory process only, and precisely, in so far as it imports a confession of judgment.

Hence it follows that after the foundation of the seizure is laid, its. execution should be precisely similar to that of a júdgment. The logical conclusion is incorporated in the Code of Practice. Under the heading of executory process, the Code, (Art. 744,) says:

"When the sheriff sells property which he has seized conformably to the provisions contained in this chapter, he must cause the same appraisements to be made, and observe the same delays and formalities as are prescribed for the sale of property seized in execution.

It thereupon follows as a legal proposition that sales of minor's. property under executory process can be made for less than the appraised value, as well as it can be accomplished in sales in execution of judgments.

We now come to plaintiff's contention touching the legal prohibition of the tutor's waiver of the benefit of appraisement.

Numerous decisions of this Court go to show that a similar waiver in a contract of mortgage by a person of full age is not reprobated by law, and that it will be enforced in the courts of this State. Broadwell vs. Rodriguez, 18 Ann., 68; Insurance Company vs. Bagley, 19 Ann., 89; Jouet vs. Mortimer, 29 Ann., 206.

Now, plaintiff does not contend, and our jurisprudence could not sanction the assertion, that a legal contract of a minor, acting through his tutor, under the advice of a family-meeting duly homologated by the court, is not as binding upon him as a similar contract would be on a person of full age and *sui juris*. The legal object and the legal effect of the authority conferred by the law to tutors when advised and empowered thereto by a competent court under the advice of a family-meeting, to perform certain contracts for and in name of the minor entrusted to their charge, are to assimilate such contracts in every particular to the acts of persons of full age.

We know of no provisions in our law, and we have been referred to none, which would remove the waiver now under discussion from the operation of this indisputable rule.

We therefore conclude that such a waiver, when duly authorized, is. not in conflict with any prohibitory law, and is binding on the minor in whose name and for whose account it has been made.

2d. These considerations afford a complete solution to the second ground of nullity invoked by plaintiff, touching the alleged want of authority of the tutor to stipulate for the payment of attorney's fees in a contract for a minor.

3d. The contention about usurious interest is answered by Article 2924 of the Civil Code, on the subject of usurious interest when capi-

talized. The only penalty, even if the interest were usurious, would· be the forfeiture of the same, but it could not extend to the nullity of the whole contract.

The views which we have just expressed were substantially those of our learned brother of the District Court, whose clear opinion in this case has been of appreciable assistance to us in our study of the case.

Plaintiff complains of the ruling of the District Judge in compelling him to elect between his action in nullity and his demand for damages and he calls our attention to his bill of exception on this point.

Under our conclusions as announced this bill loses all practical importance. As his demand for damages has not been passed on, it will not be barred or affected by our decree, and his rights to urge it. in a separate action are thus fully reserved.

Judgment affirmed.

Mr. Justice Todd dissents, and will later express his views.

---

### DISSENTING OPINION.

TODD, J. Granting that the articles of the Civil Code referred to· in the opinion, touching the sales of the property of minors, do not apply to sales made by judicial process in execution of judgments. against them, or the enforcement of contracts made in their behalf, I am not prepared to concur in the proposition that the tutor of minors can, with or without the advice of a family-meeting, consent that this. property shall be sold without the benefit of appraisement.

The law has by express terms ordained the manner in which contracts may be enforced, judgments executed, and judicial sales conducted. At one time it was held that even major persons *sui juris* could not by their conventions deviate from this mode—could not waive the appraisement prescribed by law for sales made under legal process in satisfaction of judgments or orders of seizure and sale. Levicks vs. Walker, 15 Ann., 245.

Since, it has been held that such or like waivers could be made by persons of full age, doubtless on the principle that the contracts and agreements of such persons was a law unto themselves. But this principle has never before been extended or applied to tutors, administrators, or those acting in a like fiduciary capacity. Tutors, with the advice of a family-meeting, may, in specified cases, enter into contracts of mortgage binding on the property of minors; but they must contract both as to the mortgage and to its enforcement within the clear and defined limits of the law, and when either the tutor waives.

or renounces the benefit of appraisement or any other benefit that the law accords in such proceeding, and a family-meeting advises such waiver or renunciation, I think the action of both is *ultra vires* and consequently null, as well as any order founded on such proceeding.

If appraisement can be waived, so may advertisement and every other formality that the law prescribes in such cases, and it might even be agreed that the sale should not be made by the sheriff, but by some other person. Indeed, I see no limit to the renunciations that may be made, liable to affect seriously the interests of minors specially under protection of the law, if so great a benefit in their favor as the benefit of appraisement can be waived or renounced, as sanctioned by the majority opinion in this case.

I therefore dissent.