## No. 11,682.

George E. Gilmer, Under-Tutor, vs. Wm. Winter et al.

'Family Meeting.—A family meeting authorized the tutor to borrow an amount for the use and benefit of his minors.

Amount Loaned.—He delivered the note, secured by mortgage on property of his wards, to the defendant, from whom he borrowed the money, for an amount considerably less than he was authorized to borrow.

Foreclosure of Mortgage.—The defendant in injunction, who was plaintiff in executory proceedings, sued to foreclose his mortgage.

'Injunction.—The under-tutor enjoined, and defends on the ground that the family meeting was not lawfully constituted.

Third Person.—The court finds that the illegalities alleged can not affect ·the holder of the note.

Application of Funds Borrowed.—The under-tutor defends on the further ground that the lender of the amount borrowed by the tutor and holder of the note knew, that the borrowed money was to be applied to the payment of the tutor's individual debts.

·The court holds that proof of that knowledge fails, and the lender is not bound to see to the judicious application of the money borrowed for the minors.

Rate of Interest.—The last defence is, excessive charge of interest. The court deducted the amount which was not within the limits of legal sanction, and affirmed the judgment for the remaining principal, with eight per cent. interest from the date of the note, the interest being separate from the amount deducted on the face of the note.

APPEAL from the First District Court, Parish of Caddo.
  Taylor, J.

---

*Leonard & Thatcher* for Plaintiff and Appellant.

---

*Wise & Herndon* for Defendants, Appellees.

---

The opinion of the court was delivered by

Breaux, J. The defendant in the executory proceedings, S. J. :Zeigler, made a note payable in nine months from date, personally and

Gilmer, Tutor, vs. Winter et al.

as tutor, to the order of the payees and endorsed by them; the payment of which is secured by mortgage in favor of W. C. Perrin on the Shady Grove plantation in the parish of Bossier.

The family meeting authorized the tutor, S. J. Zeigler, to cultivate the plantation during the year 1893 for the use and benefit of the minors at their expense. The tutor was also to borrow the sum of eight thousand dollars for the use and benefit of the minors, for the purpose of paying taxes and cultivating their plantation.

It authorized the loan to be made on the most favorable terms as to time, interest or discount that said tutor can procure.

A judgment approved the recommendation.

The note was delivered by Zeigler, tutor, to Wm. Winter, the holder, who gave therefor the sum of six thousand six hundred and twenty-five dollars in three checks; one of the checks was for one thousand dollars, which was handed to W. C. Perrin in presence of Winter immediately after the loan.

An injunction was sued out by the under-tutor of the minor children on the following grounds:

That the order obtained by the tutor ignored some of the relatives of the minors and in their stead members not relatives were appointed; that one of the relatives would not consent to mortgage the property of the minors. He, before the oath was administered to the members of the family meeting, withdrew and the creditor, Perrin, of Zeigler was appointed.

That the family meeting was not lawfully constituted, and that the illegality carries with it the illegality of the decree of homologation.

That it was to the knowledge of the lender, before handing to S. J. Zeigler the money for the note, that at least one thousand dollars was to go to the creditor, Perrin, in payment of an individual indebtedness of the tutor. That the lender in no event can recover from the minors more than the six thousand six hundred and twenty-five dollars loaned, without interest.

#### THIRD PERSONS WITHOUT NOTICE.

In so far as relates to the members of the family meeting, it has been held by this court, in several decisions, that as to third persons, without notice of the fact, the deliberations are not null, although it was not composed of the nearest relatives.

It is not shown that the member notified, who left shortly before the meeting was held, and after informing the tutor that he could not consent to mortgage the property of the minors, appeared before the officers in answer to the summons.

In his absence the notary holding the meeting had the power to appoint a friend of the minors.

The member appointed is a good citizen, of high character and a friend of the minors.

The validity of the deliberations is not affected in so far as relates to persons who have acted in good faith, relying upon the judgment of the court, without knowledge of an intended wrong, if wrong was intended by the tutor to his minor children.

The law has entrusted the family meeting with great responsibility, in the interest of minors; the necessity of mortgaging their property is left in great part to their judgment.

The family meeting and the under-tutor, who is plaintiff in the case at bar, determined that a mortgage was to their interest, a determination that will never be reached by conscientious members without being thoroughly convinced that it is to the interest of the minors in whose behalf they are called upon to advise.

Strangers to the proceedings are protected by the decree approving these recommendations.

In Cane vs. Cawthorn, 32 An. 954, the court cites a number of authorities, and freely quotes from them in support of the correctness of the propoposition that the decree of homologation was a sufficient protection to the lender of the money.

The utterances of this court since are entirely in harmony with Cane vs. Cawthorn.

### THE APPLICATION OF THE MONEY LOANED.

The plaintiff complains that the holder of the note knew, at the time he accepted the note, that at least one thousand dollars of the amount handed to the tutor was to be applied by him to the payment of his individual debt.

The evidence does not establish that the lender of the money knew that it was to be applied as just stated. It is shown that he handed a check to the tutor, who handed it to his creditor.

The lender is not bound to see to the judicious application of the money. Succession of Lavinia Hickman, 13 An. 364.

### THE RATE OF INTEREST.

This brings us to the discussion of·the proposition that the'interest was not within the limits of previous legal sanction and that the family meeting in authorizing the tutor to borrow the amount stated could not or did not authorize a loan at the rate of interest charged.

We have examined a number of authorities bearing upon this point and have not found one in which sanction was given to a loan at such rate of interest.

In the case of Cane vs. Cawthorn, 32 An. 954, the rate of interest disclosed by the evidence was twelve per cent.

We have referred to the original pleadings in the case and found no complaint whatever regarding the rate of interest.

The petition was silent upon the subject and it was not an issue.

In Martin vs. Sheriff et al., 37 An. 764, the "family meeting specially authorized the loan with interest of twelve per cent. per annum."

We are not concerned in this case with the authority vel non of a family meeting to give sanction to a loan at such a rate of interest. We only refer to the fact that the rate was approved by a family meeting and that it presented a different question from the one under discussion.

There is nothing in the recommendations of the family meeting before·us to justify the inference that their object was not to protect the interest of the minors.

The tutor exceeded his powers in borrowing money at such rate. He acted for the minors and had no personal right. He surely was not, without recommendation of a family meeting, authorized to borrow money at such ruinous rate of interest, some forty per cent.

In dealing with the tutor the lender knew, or he should have known, that the former had no power to borrow money at such a rate of interest.

The note had not been transferred into commerce; it had no value; it was in the possession of the maker through the agency of the tutor, and did not come to the lender in a negotiation from the hands of a third person. It was a loan to the minors; the interest could not exceed the conventional, under the judgment approving the recommendations of the family meeting.

Between the borrower and the lender the interest was not capitalized.

There was no transfer, for it was a loan to the minors on their note secured by mortgage at an unauthorized rate of interest.

Between the creditor and debtor even capitalized interest was not allowed under Act of March 20, 1886; "it had in view the sale of notes for the purpose of raising money and nothing more." Crane vs. Beatty, 15 An. 329.

If the subsequent Act of 1860, relative to interest, modifies the effect of that decision as an authority (in regard to which there is no necessity of expressing an opinion in this case), it, the act, does not protect a loan at an unauthorized and illegal rate of interest.

With reference to the eight per cent. interest the note bears from date.

It is separate from the amount due in the note.

This interest was not usurious; it bears on the amount loaned.

It is therefore ordered, adjudged and decreed that the judgment appealed from is amended by reducing the amount due to William Winter by S. J. Zeigler, tutor, from eight thousand dollars and interest, plus five hundred dollars damages, to six thousand six hundred and twenty-five dollars, with interest at the rate of eight per cent. per annum from the 10th day of April, 1893; as amended the judgment is affirmed at appellee's cost.