**GUMPERT v. SIGNAL et al. ***

No. 14684.

Court of Appeal of Louisiana. Orleans.

Nov. 27, 1933.

Rehearing Granted Dec. 11, 1933.

Benjamin Y. Wolf, of New Orleans, for appellant.

Eugene Thorpe, of New Orleans, for appellee.

WESTERFIELD, Judge.

The recorder of mortgages for the parish of Orleans appeals from a judgment ordering the cancellation of a minors' mortgage.

On November 13, 1923, Mary Lazard, widow of Solomon Signal, caused the succession of her deceased husband to be opened in the civil district court for the parish of Orleans and qualified as natural tutrix of her five minor children with the necessary result that the minors' legal mortgage rested upon a certain piece of property formerly belonging to the community which had been previously the subject of a conventional mortgage in favor of T. Pick. Pick on February 24, 1926, instituted foreclosure proceedings. Mrs. Signal filed a petition in the mortuary proceedings of her husband in which it was alleged that the property belonging to her minor children and herself and subject to her minors' mortgage was about to be seized and sold under executory process; that she had an opportunity to make a new mortgage for $750, that amount being necessary to retire the Pick mortgage and

pay taxes and other expenses of the minors, and asked that the minors' mortgage be subordinated to the proposed mortgage. The undertutor of the minors acquiesced in the petition, the proceedings being taken without the formality of a family meeting as authorized by Act No. 319 of 1926. In response to the widow's petition, the court issued the following order:

"It is ordered by the Court that the recommendations of the natural tutrix and the concurrence thereto of the under-tutor of the minors be and the same are hereby approved and homologated; and accordingly, let the petitioner, Mrs. Mary Lazard, widow of Solomon Signal, natural tutrix of the said minors be authorized and she is hereby empowered to mortgage the property owned by the minors herein and described in the foregoing petition, said mortgage to be in the sum of Seven Hundred Fifty Dollars ($750.00) and bearing eight per cent. (8%) interest from date until paid, with all usual security clauses.

"And it is further ordered that the general mortgage in favor of the said minors, recorded in M. O. B. 1258, Folio 224 of the Parish of Orleans, be ineffective in so far as the mortgage herein being authorized by the Court."

On April 7, 1926, George R. Gumpert loaned $750 to the natural tutrix secured by a mortgage containing the usual stipulations including the pact de non alienando and a waiver of appraisement. Out of the proceeds of this loan, Pick's mortgage was paid and canceled. On October 25, 1932, Gumpert caused the property to be sold under executory process and without appraisement and adjudicated to him for $100, which sum, as well as the costs and fees of the civil sheriff, were paid over to the sheriff for the parish of Orleans. The sheriff thereupon took a rule against the recorder of mortgages and the minors through their natural tutrix to show cause why the minors' mortgage resting upon the property should not be canceled and referred to the proceeds of the sale. The tutrix did not defend the rule which was made absolute and the recorder of mortgages has prosecuted this appeal.

The contention of the appellant is that there should have been an appraisement of the property because the minors' mortgage rested upon the one-half interest belonging to their mother and natural tutrix and also that a minor's mortgage cannot be erased in the manner attempted in these proceedings. Appellee contends that no appraisement was necessary for the reason that the purchaser, at the foreclosure sale, acquired the property free of the minors' mortgage and that, moreover, the authority of the tutrix to mortgage the property conferred by the judge in lieu of a family meeting, stipulated that the mortgage was to contain the "usual security clauses" and it was not customary to require appraisement. The tutrix, it is said, had the right to waive the appraisement. Martin v. Lake, 37 La. Ann. 763.

In regard to the erasure of the minors' mortgage, the procedure adopted is defended upon the ground that the foreclosure of the Gumpert mortgage was in effect the same as the foreclosure of the Pick mortgage which it supplanted since it was only by reason of the Gumpert loan that the foreclosure of the Pick mortgage was prevented, and finally that the homologation of the proceedings by the district judge was a sufficient protection to the lender of the money regardless of the informality of the procedure leading up to the homologation. Succession of Elliott v. Elliott, 31 La. Ann. 35; Cane v. Cawthon, 32 La. Ann. 953; Gilmer, Tutor v. Winter et al., 47 La. Ann. 37, 16 So. 588, 589. The following quotation from the Succession of Elliott v. Elliott, repeated in Cane v. Cawthon, supra, is confidently relied upon:

"There can be no dispute at this day as to the entire correctness of the proposition that third persons dealing bona fide are protected by final decrees rendered by courts having jurisdiction of the persons and subject matter before them, and this whether said judgments be right or wrong, honest or fraudulent."

In Gilmer, Tutor, v. Winter et al., supra, it is said that:

"In Cane v. Cawthon, 32 La. Ann. 954, the court cites a number of authorities, and freely quotes from them in support of the correctness of the proposition that the decree of homologation was a sufficient protection to the lender of the money."

The contention that the Gumpert mortgage enjoyed the status of the Pick mortgage is without merit. The fact that the proceeds of the Gumpert mortgage was used to pay the Pick mortgage, taxes, and other expenses incident to the Pick foreclosure, could not have the effect of advancing the Gumpert mortgage to an anterior position.

"The tutor can not borrow for the minor, purchase for him immovable or compromise respecting his rights, without an authority from the judge, granted on the advice of a family meeting [or since Act No. 319 of 1926 the authority of the judge]." R. C. C. art. 353.

"Tutors, when they contract in pursuance of deliberations of a family meeting, must confine themselves within the clear and well-defined instructions given. The contract gets its binding force from the family meeting. Any departure from the recommendation inflicting the least injury upon the minors, or waiving any right they may have, is as though it had never been entered into, and is of no effect. The family meeting did not

recommend a sale without benefit of appraisement.

"This stipulation in the mortgage is null and void."

Scottish-American Mortgage Company, Ltd., v. Wm. F. Ogden et al., 49 La. Ann. 14, 21 So. 116, 118.

In the case of Kling Mortgage Investment Company, Inc., v. Peter N. Donovan, Curator of Agnes Catherine McDermott (La. Sup.) 150 So. 850, decided October 30, 1933, it was held that executory process could not issue upon a mortgage executed by a curator and effecting the property of his ward which contained a pact de non alienando and waiver of appraisement because the order of the court authorizing the curator to execute the mortgage did not specifically authorize a mortgage containing such clauses. In that case, as in this, the order of the judge was equivalent to the authority of the family meeting, the provisions of Act No. 319 of 1926 being resorted to and the order given by the judge, so far as it is pertinent to this discussion, authorized the curator "to execute a mortgage note under the above enumerated conditions [principal, interest and term], and sign any and all documents incidental thereto, for the purpose of paying said debts of the interdict hereinabove set out, and he is hereby authorized to pay same."

In the opinion in that case the court, after citing the articles of the Code and a number of authorities, among them, Scottish American Mortgage Co., Ltd., v. Ogden, supra, said:

"But, in the case at bar, the curator obtained authority from the judge merely to mortgage the property. This order has the same binding effect and is of the same dignity as though recommended by a family meeting, and must be strictly construed. The curator was bound by the order to execute nothing but a mortgage to be enforced via ordinaria, and could not go beyond the terms of that order. The mere fact that the notary used a printed form containing provisions for executory process, etc., not included in the order, cannot be legally binding upon the interdict or her property.

"If the unauthorized stipulations in the act of mortgage are eliminated as null and void, it is manifest that the plaintiff, Kling Mortgage Investment Company, would not be entitled to the order for executory process issued in this case."

Opposing counsel in discussing the Kling Mortgage Investment Company Case insist that it is not apposite here because of the fact that the court, in its order in this case, decreed that the "general mortgage in favor of the said minors, recorded in M. O. B. 1258, Folio 224, of the Parish of Orleans, be ineffective in so far as the mortgage herein being authorized by the court," and upon the further ground that the words "with usual security clauses" are sufficient to indicate authority for the inclusion of the pact de non alienando, confession of judgment, and waiver of appraisement clauses, all of which are said to be "usual security clauses," and that the court should take cognizance of this fact.

■ We are not convinced of our right to take judicial cognizance of the custom which obtains in regard to the drafting of mortgages. Besides the words "usual security clauses" can hardly be said to embrace customary waivers if it be conceded that it is customary to waive appraisals, nor will the words of the order subordinating the minors' mortgage suffice because inferentially authorizing a mortgage containing the pact de non alienando is not enough, it must be express and positive. The provisions of the Civil Code on the subject of incumbrance and alienation of minors' property and the jurisprudence in that regard will not permit of a waiver of any right enjoyed by the minors not expressly authorized in the proceedings leading up to the hypothecation of the property of minors. We repeat the expression of the court in the case of Scottish American Mortgage Company, Ltd., v. Ogden, "any departure from the recommendation inflicting the least injury upon the minors, or waiving any right they may have, is as though it had never been entered into, and is of no effect."

The authorities relied upon, Succession of Elliott v. Elliott, supra, Cane v. Cawthon, supra, and Gilmer, Tutor, v. Winter et al., supra, as protecting the money lender in good faith, do not apply here for the reason that upon the face of the proceedings the mortgage granted Gumpert went beyond the authority of the tutrix in providing for executory process.

Our conclusion is that the case is with the appellant, recorder of mortgages, consequently, and for the reasons assigned, the judgment appealed from is reversed and it is now ordered that the rule taken by the appellee, George R. Gumpert, against Mrs. Solomon Signal and Wm. P. Hickey, recorder of mortgages for the Parish of Orleans, be discharged at his cost.

Reversed.

HIGGINS, J., dissents.

JANVIER, Judge.

I concur in the decree.