## SARAH B. GRAHAM, Tutrix, *v.* CHARLES J. HESTER.

The tutor has a right to compromise respecting the rights of his ward, but he must act under the authority of the Judge, granted on the advice of a family meeting ; such a contract may be made for the purpose of preventing a lawsuit, as well as to put an end to one already instituted.

A compromise made by the tutor without the authorization of the Judge, given by and with the advice of a family meeting, may be treated by the minor as an absolute nullity ; but when it is made in pursuance of these legal formalities, the minor cannot, upon becoming of age, treat it as an absolute nullity.

Under these circumstances, if the contract be voidable, he must resort to a direct action to have it rescinded ; he cannot question its validity collaterally,—and the tutor who has made the contract himself, cannot treat it as a nullity. *Quere :* Could the tutor in such a case institute the action of nullity ?

APPEAL from the District Court of the Parish of Madison, *Farrar,* J.
*W. T. Harrison,* for plaintiff and appellant. *A. R. Hynes,* for defendant. *Short & Parham,* for warrantor.

VOORHIES, J. The plaintiff, in her own right as widow in community of *E. S. Graham,* deceased, and in her capacity of tutrix of their minor child, *Jane Graham,* claims to be the owner of a tract of land now held by the defendant, *Charles J. Hester.* The latter derives his title, through several mesne conveyances, from the deceased, *E. S. Graham.* The question to be determined is, consequently, whether this title is a valid one.

After the death of *E. S. Graham,* the property in dispute was not inventoried ; but a family meeting was convoked for the purpose of advising as to the interest of the minor with regard to a claim set up to this property by one *James Forbes.* It appears, from the petition presented to that effect before the Probate Court,

that, in consideration of *Forbes'* entering some public land in the name of *Graham*, the latter had agreed to transfer to the former the tract now in dispute ; that *Forbes* had complied with the terms of the agreement, but that *Graham* had died before being able to comply on his part. The petition sets up the willingness of the deceased to fulfill his contract, and his death-bed request to his friends, that the title should be given to *Forbes*. Evidence of these facts, (parol evidence, it is true,) was given to the family meeting ; and for the purpose of preventing all litigation upon this subject, the meeting advised that it was to the interest of the minor that title should be made out in the name of *James Forbes*. The court thereupon homologated the proceedings. Some time afterwards, *Mrs. Graham*, the tutrix of her minor child, upon the eve of leaving the State, executed, by notarial act, a power of attorney to *Josiah Stanbrough*, constituting him as her agent in the tutorship, and authorizing him to execute a title to *James Forbes*. In that deed, she admits "*Forbes'* purchase and entry in the name of *Elijah S. Graham*, of eighty acres of other land embraced in the inventory of the succession," and that this entry had been made in exchange for the land, which she now claims.

With regard to the undivided half of the widow in community, it is evident that these proceedings are a complete bar to the present action. The only serious question concerns the minor's right as affected by the compromise made by her tutrix.

The right of a tutor, under Articles 348 and 3039 of the Civil Code, to compromise respecting the rights of his ward, cannot be doubted ; but he must act under the authority of the Judge, granted on the advice of a family meeting. Such a contract may be made for the purpose of preventing a lawsuit, as well as of putting an end to one already instituted. C. C. Art. 3038. If the advice of a family meeting, or the authorization of the Judge, has not been procured, the contract may be treated by the minor as an absolute nullity, unless he prefers, upon becoming *sui juris*, to ratify the agreement. C. C. 2252; 2 An. 648 ; 3 An. 330.

But when the contract has the authorization of the court, based upon the approbation of the family meeting, the minor himself cannot, upon becoming of age, treat it as an absolute nullity. If the contract be voidable, he should resort to a direct action for the purpose of having it rescinded ; he cannot question its validity collaterally. If this be true of the minor himself, the objection is fully as fatal to the tutor who attempts to treat as an absolute nullity a compromise made by himself on behalf of his ward, with the authorization of a family meeting, homologated by the court. Besides, it is a question, by no means free from difficulty, whether the tutor could, in such a case, institute the action of nullity. Upon this point, however, we express no opinion.

In the case under consideration, the consent of the family meeting, and the homologation of the proceedings by the court are shown. The Court of Probates, although it had not jurisdiction in cases of land suits, was the only court to which a tutor could apply for the purpose of compromising upon the rights of his ward ; and the decree given by that court for the purpose of enabling the plaintiff, as tutrix of her minor child, to prevent a litigation between her and *James Forbes*, is a judgment, which she cannot question collaterally, and still less disregard. She has instituted a petitory action without even alluding to these proceedings ; her action, so far as the rights of her minor child are concerned, is therefore, irregular.

Under this view of the case, it is needless to express any opinion as to the

GRAHAM
v.
HESTER.

validity of the proceedings had in the succession of *E.' S. Graham*, deceased, and their effect upon the rights of the minor, *Jane Graham*.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed ; that there be judgment in favor of the defendant against the plaintiff, in her individual right, for one undivided half of the land in controversy ; that there be judgment of nonsuit for the other undivided half thereof, against the plaintiff, in her capacity of tutrix of her minor child, *Jane Graham ;* that the costs of the court below be borne by the plaintiff, and that the costs of appeal be borne, one-half thereof by the defendant, and the other half by *Sarah B. Graham* individually.