No. 12,062.

SCOTTISH AMERICAN MORTGAGE CO., LTD., VS. WM. F. OGDEN, INDIVIDUALLY AND AS TUTOR, ET. AL.

A party who advances money to a tutor is not bound to go behind the deliberations of a family meeting, and the judgment thereon to inquire into the truth of the facts recited. Nor is he required to follow the destination of the money advanced.

A broker acting for one party in a particular transaction and who induces another party to accept a proposal made by his principal, the party accepting the proposal can not be charged with constructive notice of facts, which if known would make the acceptance a nullity if attacked by the principal making the proposal through the agent.

Where a tutor cultivates for minors their property and petitions for the convening of a family meeting to deliberate upon the borrowing of money for the education and maintenance of the minors, and the meeting advises the borrowing of money which is approved by the judge, the papers on their face, by such recitals, do not disclose the fact that the money to be borrowed is beyond the revenues of the minors. The tutor has the right to cultivate the plantation, and the net proceeds constitute the revenue. It is essential to cultivate the place to create this revenue.

Where the family meeting authorizes the making of ten notes for the money borrowed payable in instalments, and twenty are made, ten being for the interest calculated to maturity with eight per cent. interest from maturity, there is no excess of authority exercised by the tutor, when the transaction shows only the amount authorized to be borrowed was evidenced by the sales, and the separation of interest from principal was, in reality, beneficial to the minors.

The interest notes so drawn, with eight per cent. interest from maturity, do not bear usurious interest. The interest was capitalized.

The family meeting had the authority to provide for brokerage for the negotiation of the loan.

Tutors when they contract in pursuance of the advice of a family meeting and the judgment thereon, must confine themselves within clear and distinct instructions given. The contract gets its binding force from the family meeting. Therefore, in the act of mortgage, when the family meeting did not recommend the waiving of appraisement, the tutor in the mortgage can not waive it.

Mortgage Co. Ltd. vs. Ogden, Tutor, et al.

A foreign corporation lending money to a resident of this State, through brokers domiciled in Mississippi, do not come within the meaning of Art. 236 of the Constitution.

APPEAL from the Eighth Judicial District Court for the Parish of Concordia.   *Ellis, J.*

*Lazarus, Moore & Luce* for Plaintiff, Appellee.

*John S. Boatner* for Defendant, Appellant.

Argued and submitted November 6, 1896.
Opinion handed down November 16, 1896.
Rehearing refused January 4, 1897.

The opinion of the court was delivered by

McENERY, J.  In 1882 W. F. Ogden, as tutor of his minor children, had a family meeting convened, and its deliberations were homologated in the interest of the minors.

The meeting advised the borrowing of one hundred and twenty-five thousand dollars, to be secured by mortgage on a plantation owned by the children.

The proceedings convoking the meeting and the deliberations show that the money to be borrowed was for the support and education of the minors.

A mortgage loan was secured in accordance with the recommendation of the meeting and the order of the judge homologating the same.

This mortgage debt was not paid.  The tutor in 1883 petitioned for and obtained an order for another family meeting, which was convoked for the sole purpose as urged in the first meeting.  The deliberations were approved by the judge.  This family meeting recommended the taking up of the first mortgage debt and the borrowing of twelve thousand dollars, and the payment of twelve hundred dollars for brokerage in negotiating the loan, and authorized the execution by the tutor of the mortgage to secure the loan, to be evidenced by ten promissory notes.  Francis Smith & Co., who were doing business in Vicksburg, Miss., were selected by the tutor

**10** SUPREME COURT OF LOUISIANA.

Mortgage Co. Ltd. vs. Ogden, Tutor, et al.

to negotiate the loan. Their business was that of mortgage brokers, to receive proposals for loans, investigate titles and values of property and the safety of the investment, which they reported to the company or corporation from whom they solicited the money. This company, on the report, either accepted or rejected the loan. In this instance the plaintiff corporation was solicited to make the loan, which was accepted and the mortgage executed, the ten notes for the principal issued and ten notes for interest separately issued.

The mortgage was executed and accepted in Louisiana, and the notes executed in Louisiana, but made payable in Vicksburg. The acceptance of the proposition to loan was made by the company, either in Scotland or in Vicksburg, by the brokers for the company or corporation. It is immaterial for the purposes of this case, where the contract of loan was accepted, so it was beyond the jurisdiction of this State.

The tutor failed to pay all the mortgage indebtedness, and the plaintiff corporation foreclosed its mortgage. The suit was met by an injunction from the children of W. F. Ogden, who were minors when the loan was negotiated and the mortgage executed.

The grounds for the injunction are:

1. That in executing the mortgage the tutor exceeded the authority given to him by the family meeting in executing twenty instead of ten promissory notes, and that the ten interest notes bear 8 per cent. interest from their maturities, thus making compound or usurious interest, and that the act of mortgage contains more onerous stipulations than authorized by the family meeting.

2. That the act of mortgage contained the stipulation that the mortgaged property should be sold without benefit of appraisement, which was not recommended in the deliberations of the family meeting.

3. That plaintiff in execution is a foreign corporation, and had not complied with Art. 236 of the Constitution, and that the act of mortgage is null and void, having been executed in violation of a prohibitory law.

4. That the minors never received any benefit from the money secured by act of mortgage.

5. That the money borrowed from plaintiff in executory proceedings was obtained for the purpose of paying the debt of their tutor.

6. That there was no consideration for the twelve hundred dollars

authorized by the family meeting to be paid for brokerage, as Smith & Co. were the agents of the plaintiffs.

The lower court dissolved the injunction, except as to that part in reference to the sale without appraisement, and ordered the sale of the property with benefit of appraisement.

The plaintiffs in injunction have appealed. Defendants in same have prayed for an amendment to the judgment, reversing that part of the judgment relating to the sale with appraisement.

The proceedings in both family meetings are regular, and the deliberations were on the facts alleged in the petition for the meeting. The plaintiffs in injunction contend that the money raised on the first mortgage was to pay a debt of the tutor, and the second was but a continuance of the first; the taking up of the debt of the tutor in the first mortgage granted, which was for the purpose of paying the individual debt of the tutor, and that no part of the debt secured by either mortgage inured to the benefit of the minors.

This may be true, but the petition of the tutor and the deliberations of the family meeting emphatically declare that the money to be raised by the mortgage was for the education and maintenance of the minors. The creditor, the party with whom negotiations were opened for the purpose of borrowing the money, was not compelled to institute an investigation beyond the recitals in the proceedings of the family meeting.

The import of their meaning is absolute verity, and there must be something in the proceedings suggesting fraud, or the mortgage creditor must be charged with knowledge of the intent to defraud the minors.

Cane, Tutrix, vs. Cawthon, 32 An. 953.

Gilmer vs. Winter, 47 An. 37.

The creditor can not be made responsible for the funds because he has no control of them. His responsibility ceases after the money has been advanced, and to invalidate the mortgage it is essential that he should have known before the mortgage was executed of the intended diversion of the funds and of the fraud intended to be practised upon the minors. *Id.*

There is no evidence in the record that the mortgage creditor had any knowledge whether the first mortgage was for the individual debt of the tutor, nor is there any evidence charging them with notice that the second mortgage debt was given for any other

purpose than that stated in the deliberations of the family meeting.

But the plaintiffs in injunction urge that Smith & Co., the agents of the tutor, in negotiating the mortgage were also the agents of the corporation lending the money, and therefore they were constructively charged with notice. In the record there is a power of attorney from the tutor to Francis Smith & Co., specially authorizing them to borrow the money from the plaintiff in executory process. That they were authorized to accept the mortgage, investigate title and value of property for this purpose, would be, on this account, carrying the doctrine of constructive notice to an unreasonable extent. But there is no evidence that Francis Smith & Co. had any knowledge that the money had been raised on the first mortgage to pay the debt of the tutor.

There was nothing in the proceedings of either family meeting to suggest to them that the money was destined for the individual use of the tutor. This point, however, is put at rest by the fact that Smith & Co., mortgage brokers, were the special agents for plaintiffs in injunction, that is, the tutor, and solicited the loan from plaintiffs, and therefore any knowledge the agent had could not be charged to plaintiffs in executory process unless communicated to the lender. Seixas vs. Citizens Bank, 38 An. 424.

Article 3017, Civil Code, says the "obligations of the broker are similar to those of an ordinary mandatory, with this difference that his engagement is double and requires that he should observe the same fidelity to all parties, and not favor one more than the other." There is no evidence in the record that the mortgage brokers failed in fidelity to either party. It is certain that a broker acting for one party in a particular transaction, who induces another party to accept a proposal from his principal, that the party so induced to accept the proposition can not be charged with constructive notice of facts which, if known, would make the acceptance of the proposition a nullity if attacked by the prcipal. This is the condition of this case.

It is urged that the amount borrowed in itself shows that the amount was not for the maintenance and education of the minors, and that it was in excess of their revenues.

Article 346, C. C., says that "if among the property of the minor there be any which it may be necessary to work as a plantation or a

manufactory, the tutor shall not be bound to administer them or cause them to be administered, but he shall be permitted to let them for an annual rent proportioned to their value." Under this article the tutor had authority to cultivate the plantation. It was necessary to have money to cultivate it to raise a revenue for the education and support of the minor. The place not having been leased, the revenues of the minor were evidently to be derived from its cultivation. He had the undoubted right, with the advice of a family meeting, to borrow money for this purpose.

We do not think the tutor exceeded his authority in multiplying the evidences of debt so long as he did not increase the debt or place addititional burdens upon the minors. He was authorized to execute ten promissory notes for the amount to be borrowed. He executed ten, payable in instalments for the principal, and ten for the interest, which decreased with each year. This arrangement of the debt was, in our opinion, advantageous, as it provided the convenient payment of interest and thus made it easy to prolong the term of payment with the consent of the mortgage creditor. At any rate no injury was done to the minors. The interest notes were made to draw interest at the rate of eight per cent. after maturity.

It is true that the interest of eight per cent. is on the interest. But the same would be true if the interest had been capitalized and added to the principal debt, and eight per cent. interest had been made payable on the notes after maturity. In both instances the interest is capitalized, which brings this case under the provisions of Art. 2924 of the Civil Code. Martin vs. Sheriff, 37 An. 763.

The family meeting authorized the payment of brokerage commissions to amount of twelve thousand dollars. It is not likely that the amount authorized to be borrowed could have been obtained without the intervention of a broker. It would have been competent for the stipulation of the commission by a capacitated person.

In the case just cited this court said: "The legal object and the legal effect of the authority conferred by the law to tutors, when advised and empowered thereto by a competent court, under the advice of a family meeting, to perform certain contracts for and in the name of the minors entrusted to their charge, are to assimilate such contracts in every particular to the acts of persons of full age."

As an incident to the borrowing of the money the services of a broker were deemed necessary by the family meeting. They advised the employment of one and the payment of the commission. It was within the limits of their power and to the advantage of the minors. The contract would be legal by one of full age. It is, therefore, legal on the part of the tutor, acting for and on behalf of the minors, who, for that particular contract, were authorized through their tutor as though they had attained majority.

Tutors, when they contract in pursuance of deliberations of a family meeting, must confine themselves within the clear and well-defined instructions given. The contract gets its binding force from the family meeting. Any departure from the recommendation inflicting the least injury upon the minors, or waiving any right they may have, is as though it had never been entered into, and is of no effect. The family meeting did not recommend a sale without benefit of appraisement.

This stipulation in the mortgage is null and void. That the minors or some of them have since attained majority, and made no objection, until proceedings were instituted against them, can not have the effect of making this stipulation valid. It was such an agreement, not authorized, and never entered into by them that they could resist its attempted enforcement at any time.

The record shows that Smith & Co. were mortgage brokers, with an office in the city of Vicksburg, Miss.; that they were employed by the tutor to negotiate the loan authorized by the family meeting; that they borrowed the money for the tutor from the plaintiff corporation, and that this corporation in a foreign jurisdiction accepted the security tendered and made the loan. The act of mortgage was executed in this State, and also the notes, but they were payable in Vicksburg. The salient fact is that the proposition was to a foreign corporation to advance the money, and it accepted, as its domicile, thus making the contract to advance, an agreement entered into beyond the jurisdictional limits of this State. In other words, it was a foreign corporation lending money to a citizen of Louisiana through brokers, agents of the borrower, in Vicksburg.

This case can scarcely be distinguished from that of Reeves vs. Harper, 43 An. 521. In that case we said: " It would be a gross injustice to the people of Louisiana were we to hold that the Constitution denied them the privilege of borrowing money outside of the

State from foreign corporations, and securing the loans by mortgage of their property in this State.''

The prescription pleaded by defendants in executory process was interrupted by an authentic act executed by the tutor.

Judgment affirmed.