(34 South. 431.)

No. 14,725.

### GRANGER v. SALLIER et al.

(April 27, 1903.)

PETITORY ACTION—COMMUNITY PROPERTY—EVIDENCE.

1. In a petitory action, plaintiff claimed that two of the titles forming part of her chain of titles were legal, viz., the title bearing date in 1885, under which her author of that date acquired, and the title of 1893, under which her immediate ancestor in title acquired.

The defendants claimed the benefit of the first title—that of 1885—and thereby estopped themselves from pleading its invalidity.

2. Under the title of 1885, they remained with right to plead the absolute nullity of the second deed—that of 1893.

3. Even under the rule which obtains to some extent in petitory actions, briefly expressed by the words "possideo quia possideo," a person may compel his adversary to produce another than a title radically null, before ouster can be decreed.

4. The property was in the name of the community. In the name of the community the defendants hold, and can continue to hold until contradictorily with the community (or its legal representative) a superior right is shown.

(Syllabus by the Court.)

Appeal from Judicial District Court, Parish of Calcasieu; Leon Sugar, Judge ad hoc.

Action by Marie M. Granger against Valery Sallier and others. Judgment for defendants, and plaintiff appeals. Affirmed.

McCoy & Moss, for appellant. Albert Voorhies and Kleinpeter & Son, for appellees.

### Pleadings.

BREAUX, J. Plaintiff brought this petitory action to recover block 18 of the Sallier subdivision of the S. ½ of section 6 in township 10 S., range 8 W., containing 9.22 acres.

The pleadings set forth that in the year 1885 a tract of land was platted and subdivided with blocks and lots in the proceedings of the succession of Severine Sallier, and that lot 18 of the subdivision was sold to Mrs. Marie Lavicie Sallier, wife of Anselm Sallier, who paid 10 per cent. of the purchase price cash, and promised to pay the balance of the purchase price on time.

And that this buyer failed to pay this price at maturity, and that plaintiff, having bought the notes from Denise Lagrange, representing the price, instituted foreclosure proceedings via ordinaria in 1891, obtained judgment, seized the property under this judgment, and had it sold at sheriff's sale and adjudicated to C. Brent Richard in 1893.

In the year 1894, C. Brent Richard (adjudicatee in 1893) sold block 18 to Mrs. Denise Lagrange, who had previously foreclosed as just mentioned.

Mrs. Denise Lagrange died. Her estate was partitioned in September, 1900, among her heirs, of whom Marie M. Granger was one, and this lot in the partition was set apart to her as her separate and individual property in the partition.

Petitioner avers that she has been the legal owner and entitled to the possession of the block from the date of this partition, but that Valery Sallier, personally and as curator of Anselm Sallier, Sr., and Anselm Sallier, Jr., have been in the unlawful possession of the property since that date. Plaintiff also claims rental of the property.

Anselm Sallier, Jr., and Valery Sallier, individually, answer and set up that at the date of the adjudication of the property in controversy they were minors; their father was living, and their mother was without authority to become their tutrix; that in the foreclosure proceedings of Mrs. Denise Lagrange against Mrs. M. L. Sallier (No. 1,616 of the district court), before mentioned, they were not made parties; and that in consequence the proceedings were null. They adopted and reiterated the allegations in the answer of the interdict, Anselm Sallier, through his curator, Valery Sallier, to which answer of Valery Sallier we will now particularly refer.

In a separate answer, Valery Sallier, curator of Anselm Sallier, sets up the nullity of the foreclosure proceedings in the Lagrange v. Sallier suit (No. 1,616), and avers that the interdict was not made a party to the proceedings; that Mrs. M. L. Sallier was not authorized to stand in judgment in these foreclosure proceedings; that Mrs. M. L. Sallier was not personally responsible on the foreclosure mortgage notes, having executed them as tutrix of her minor children, although her husband was living; that the ad-

judication proprio vigore was for the community existing between her and her husband, in which it is still vested; that this property was substantially bought by the community through the adjudication to the wife, as before mentioned, at succession sale of Severine Sallier; and that, in consequence, half is vested in the interdict, Anselm Sallier, and the other half in the heirs of Anselm Sallier and wife; and in still another answer this defendant avers that, as head of the community between him and his late wife, he has become the owner of the property in controversy by purchase, as before stated, at the sale of the estate of Severine Sallier, and is in possession since the sale, 20 years ago.

Plaintiff filed a written replication, in which she pleaded that defendant is estopped from asserting want of authority of Mrs. Marie Lavicie Sallier, late wife of Anselm Sallier, because defendants claimed ownership of the property under Mrs. Sallier's purchase from the succession of Severine Sallier; that they cannot accept the benefit without incurring the consequent liability. Plaintiff further urges an estoppel on the ground that defendants accepted a 12-month bond from C. Brent Richard, adjudicatee of the property in the foreclosure proceeding (No. 1,616) before mentioned, for the excess which the property brought over the vendor's lien.

The judge of the district court rejected plaintiff's demand.

Plaintiff prosecutes this appeal.

### Summary of the Facts.

The property was sold by the succession of Severine Sallier, a sister of Anselm Sallier, to Marie L. Sallier, his wife, as tutrix to her minor children, although she was not then, and never was thereafter, recognized as tutrix of her minor children. In executing notes representing the purchase price of the property, she signed them, "Mary Levisa Sallier, Tutrix."

In 1891 the executrix of the succession of Severine Sallier transferred these notes to Denise Lagrange, and soon thereafter she foreclosed on them, as stated in the pleadings, and alleged that Anselm Sallier was an interdict; that she had a vendor's lien upon the land, and asked for citation to Mrs. Mary L. Sallier, "individually and as tutrix," for

the court's authorization to her to defend the suit and stand in judgment. She was cited, but her husband was not, nor was his curator. She in time obtained judgment, which judgment contained the statement that she was authorized to stand in judgment and defend the suit. It recognized the vendor's lien. Fi. fa. was issued on this judgment, and on August 5, 1903, it was sold at sheriff's sale under this fi. fa. to C. Brent Richard upon a 12-months bond.

Plaintiff sets up title under Richard. The defendants are the husband and the children of Mrs. Marie Lavicie Sallier.

Anselm Sallier, the interdicted husband of Marie L. Sallier, was one of six heirs of Severine Sallier, to whom it seems that on the tableau of the succession of Severine Sallier the price of the adjudication to Marie L. Sallier is charged.

### Opinion.

No reason suggests itself to us which we think would justify us in holding that the minors originally were bound by the adjudication made to their mother, Marie L. Sallier, at succession sale of Severine Sallier in 1885.

She was not their tutrix, and she was in no way authorized to represent them, either as adjudicatees, or as makers of the notes for the price executed by their mother, as tutrix, in favor of the executrix of that succession.

But this issue was afterward very much restricted, and was in part at last given up. The attack on the first adjudication (that made to Marie L. Sallier at succession sale of Severine Sallier) was partially, if not entirely, abandoned; and defendants directed all their efforts to have the property thus adjudicated considered as community property of Anselm Sallier, husband, and Marie L. Sallier.

The husband, through his curator and the heirs now of age, ask expressly, in their pleading, to have the property thus adjudicated considered as having inured to the benefit of the community. In their answer all the defendants allege that by the adjudication to their mother it became community property.

We will not discuss the question whether, if it passed at all, it passed to the community or the separate estate, for, as between these two (the community or separate estate), the heirs (defendants here) are free to ask it to be considered as belonging to the former (i. e., the community), and thereby they have relieved the court from the necessity of deciding to which it should go.

These heirs are of age, and it is their concern whether the property shall be considered as community with their father, or as separate. It is sufficient for us, in deciding, to be made aware by the pleadings that defendants claim that it became community property by the adjudication.

Neither party to this suit argues that the property should return to the succession of Severine Sallier, and it follows that the succession of Severine Sallier, itself not a party to the suit, is in no way concerned.

The property of the succession has been sold years ago—passed out of the succession of Severine Sallier. It is scarcely possible at this day to reinvest that succession with title to property for which no one asks in its name, or petitions for it in any way. We take things as we find them. The defendants directed their attack against the sale in suit of Denise Lagrange v. Marie Levisa Sallier (No. 1,616, D. C.), and limit their attack to that case.

We will decide that issue only. Plaintiff met defendants on this ground. They could not do otherwise. They could not in any manner, and in view of their change of position, stand for the nullity of the first adjudication, under which they necessarily claimed, by asking that the property thus adjudicated to the wife as tutrix (unauthorized as tutrix) be considered as community property, on the ground that, while not bound as tutrix, she was bound personally, and that, bound personally as partner in community, her act as purchaser was binding on the community,—an objection which all the parties concerned allege, accept, and urge.

On the one hand, we have defendants' allegation that the property belonged to the community; on the other, the plaintiff's that the property had passed out of the succession of Severine Sallier, and was subject to their lien and mortgages at the time it was sold in the foreclosure proceedings before mentioned. They, plaintiff and defendants,

as relates to first adjudication, meet, and are thoroughly in accord.

In other words, plaintiff alleges the legality of the adjudication to the wife, as before stated; and the defendants, as we understand, do not contend that it was illegal in so far as they are personally concerned.

But the question now arises (granted it was as plaintiff now contends, and which defendants accepted), could they foreclose the lien and privilege acquired by vendor under the adjudication in 1885 of the property adjudicated to Marie L. Sallier, tutrix, without making the representative of the community a party? We think not. While it passed from the succession to the community cum onere, yet, in foreclosing, it was necessary to proceed against the defendants, and not against Mrs. Marie L. Sallier individually, who was not the owner.

She had not personally become the owner by the adjudication in question, but her heirs and her husband accepted the adjudication, and ratified her act as an act done by her as representative of the community, to the extent of investing the community with the property. This is accepted by plaintiff, who goes further, however, and claims that her proceeding was in rem, and not as a personal obligation of the wife, and that, in consequence, it was possible to foreclose the lien and privilege of the Severine Sallier succession, owned by plaintiff, against her alone.

Plaintiff quotes the following to sustain her position:

"The property seized was covered by the vendor's privilege, as a proceeding in rem, and not as a personal obligation of the wife." Succession of Andrus, 34 La. Ann. 1065.

Both parties in that case—the husband and wife—were before the court. Contradictorily with them, the court held that the proceeding was in rem. Here it is different. The wife, in the second (the foreclosure) proceedings, without proper authorization is sought to be held on the ground that the proceedings were in rem. She could not be sued at all without her husband's authorization, or that of the court. She had not been cited in proper form to enable her to stand in judgment.

In the cited case, supra, had the proceedings been against the wife alone, without the authorization of the court, or that of her husband, the court could not have held that, as against a person not sui juris, the proceedings were in rem, and properly instituted.

We have not overlooked the plea in argument that defendants cannot dispute the authority of the agent through whom they have acquired the property, to stand in judgment, because they were benefited by the agency, through whom it passed to the community. Women can be agents, even without authority of their husbands. Civ. Code, 3001. But they cannot stand in judgment without that authority, or that of the court.

The adjudication to Mrs. M. L. Sallier was a separate transaction. The property had passed out of this succession entirely, and, under the issues here, all questions regarding this, the first adjudication, were closed. Foreclosure of the mortgage years afterward was another proceeding entirely. The want of authority of defendant's wife in the foreclosure was a fatal omission. The proceeding was null. The intervention of the husband is not sufficiently shown. She was not duly authorized to defend the suit. Besides, as the property was community property, she was not the proper party to sue as principal defendant in the suit.

For the reasons assigned, the law and the evidence being with plaintiff, it is ordered, adjudged, and decreed that the judgment appealed from is affirmed.