114 LA.—35

(38 South. 868.)

No. 15,449.

SALLIER et al. v. ST. LOUIS, W. & G. RY. CO.*

(April 24, 1905.)

INTERDICT—JUDGMENT IN EXPROPRIATION SUIT —VALIDITY—WIFE AS CURATRIX — POWERS —PRESCRIPTION—APPEAL—REMAND.

1. A judgment rendered in an expropriation suit against an interdict without the intervention of a jury, and pursuant to an agreement between the wife of the interdict, as curatrix, and a railroad company, is absolutely null and void as to the person interdicted.

2. The wife cannot be appointed curatrix of the interdicted husband except on the recommendation of a family meeting. Even when regularly appointed, she, like a tutrix, cannot compromise respecting his rights, nor can she bind him by confession of judgment, nor can she alienate his immovable property, except when duly authorized by the court on the advice of a family meeting, and when the property is sold according to law.

3. Persons under interdiction cannot be prescribed against except in the cases specially provided by law, nor can they be estopped by silence, in action, or conduct.

4. Where it is probable, from the circumstances of the case, that insufficiency in the evidence may be supplied, and justice requires it, the cause will be remanded as to a particular issue, on which the court cannot pronounce finally.

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge ad hoc.

Action by Valery Sallier, curator, and others, against the St. Louis, Watkins & Gulf Railway Company. Judgment for defendant, and plaintiffs appeal. Reversed.

Thomas Kleinpeter and Albert Voorhies, for appellants. Thomas Thompson Taylor, for appellee.

LAND, J. This is a petitory action to recover a strip of land 50 feet in width, and occupied by defendant's road-bed, running

*Rehearing denied June 19, 1905.

through blocks 17 and 18 of the Sallier Subdivision of the town of Lake Charles.

Plaintiffs derive their title from the succession of Severine Sallier, by probate sale made April 9, 1885, at which said blocks or lots were adjudicated to "Mrs. Mary Louise Sallier, wife of Anselm Sallier, tutrix to her minor children," at the price of $800, of which $80 was paid in cash, and for the balance three notes of the purchaser, as tutrix, with personal security, were given, payable to the order of the executrix of the succession.

At the date of this purchase, Anselm Sallier, the husband, was an interdict, and his wife had been appointed curatrix of his person and estate, and had taken the oath as such. Anselm Sallier was one of the heirs of Severine Sallier, deceased. His wife was not tutrix of the minor children.

The notes given by Mrs. Sallier as tutrix were transferred by the executrix to a third person, who foreclosed the mortgage and vendor's privilege in a suit against Mrs. Mary L. Sallier, "individually and as tutrix."

A transferee of the purchaser at the sheriff's sale sued the curator of the interdict and two heirs of the wife to recover block 18, and this court decided in April, 1903, that said block belonged to the community formerly existing between Anselm Sallier and his deceased wife, and that the foreclosure proceedings above referred to were absolutely null and void for want of citation to the husband, the head and master of the community. Granger v. Sallier, 110 La. 250, 34 South. 431. In the opinion in that case it is stated that the price of the adjudication to the wife was charged on the tableau of the succession to Anselm Sallier, one of the six heirs of Severine Sallier. If so, the husband really paid the price.

In Sallier, Curator, et al. v. Bartley, decided by this court in June, 1904, it was established that the Salliers had been in actual possession of both blocks, except the railroad

right of way, for nearly 20 years, and they were maintained and quieted in their possession by the decree of the court therein rendered. 113 La. 400, 37 South. 6.

Defendant company claimed to have acquired its right of way through block 18 by judgment of expropriation of date May 12, 1890, and its right of way through block 17 by purchase in February, 1890, from Julius E. La Besse, who acquired through mesne conveyance from Joseph Gibbs, a purchaser at a tax sale made June 5, 1886, of both lots as the property of Mrs. M. L. Sallier. Defendant company has held actual possession of its right of way since 1890, and pleaded the prescriptions of 1, 2, 3, 5, and 10 years, res judicata, and estoppel.

There was judgment in favor of defendant, and plaintiffs appealed.

The title to the right of way through block 18 will be first considered. In February, 1890, an expropriation suit for said right of way was instituted against Mrs. Mary L. Sallier individually and as tutrix of her minor children, and as the curatrix of her husband, and against said husband as an interdict. The petition represented that the title to said block was in "Mrs. Mary Louise Sallier, tutrix of her minor children"; that she had been appointed curatrix of her husband, and had taken the oath as such, but had failed otherwise to qualify as the law directs; and that a curator had been subsequently appointed to said interdict, but he had refused to qualify. The petition further represented that it was necessary to appoint a curator ad hoc to represent any such interest as the said interdict might have in the expropriation proceedings. A curator was appointed as prayed for, but made no appearance, nor was issue joined between him and plaintiff, as far as the record shows.

The suit was not tried before a jury as provided by law, but judgment expropriating the right of way claimed was rendered in favor of the plaintiff company therein, pur-

suant to an agreement made with Mrs. Sallier personally, and as tutrix and curatrix, under which she received $100 as the price of the land and all damages.

The wife, when appointed curatrix of her husband, is not bound to give security. Civ. Code, art. 413. But she cannot be so appointed except on the recommendation of a family meeting. Interdiction of Bothick, 43 La. Ann. 547, 9 South. 477. Even if the wife had been regularly appointed as curatrix, she had no more power to compromise respecting the rights of the interdict, or to confess judgment in his behalf, than a tutor of a minor under like circumstances. Civ. Code, arts. 415, 353; Graham v. Hester, 15 La. Ann. 148; Metcalfe v. Alter, 31 La. Ann. 389.

The immovable property of an interdict, like that of a minor, cannot be alienated except by sale at public auction under a decree of a competent court, rendered on the advice of a family meeting. Civ. Code, arts. 339–341. The only exception is a private sale to effect a partition made under decree of court pursuant to Act No. 25 of 1878, p. 47. Of course, the immovable of an interdict or minor may be expropriated according to law.

The judgment rendered pursuant to the agreement was an absolute nullity in so far as it affected the interest of the interdict in the property. It was not a judgment of expropriation based on a verdict of the jury, as required by the Code and Statutes. Hence the prescription of two years provided by Civ. Code, art. 2630, has no application. Mitchell v. Railroad Company, 41 La. Ann. 363, 6 South. 522.

Defendant's author was bound to know that the curatrix, so called, could not convey the interest of the interdict by contract or consent judgment, and therefore the plaintiff in the suit was legally in bad faith. Consequently the prescription of 10 years will not avail. Besides, "minors and persons under interdiction cannot be prescribed against,

except in the cases provided by law." Civ. Code, arts. 3522, 3554.

We therefore are of opinion that plaintiffs should recover the strip of ground in block 18 sued for in this case.

As to the right of way in block 17, the following is a substantial statement of the facts:

Mrs. Mary L. Sallier, as tutrix of her minor children, became the adjudicatee of this property in April, 1885, as already stated.

In June, 1886, the tax collector sold for the taxes of 1885, assessed against Mrs. M. L. Sallier, "lot No. seventeen (17) situated in the town of Lake Charles, La., bought of Sallier succession," to Joseph Gibbs. On June 26, 1880, Joseph Gibbs conveyed the same property to Julius E. La Besse, without warranty of either title or purchase price; and in February, 1890, La Besse conveyed to Jabez B. Watkins, "with such title as he acquired, and no further." We find in the record no deed from Watkins to the then railroad company, which in 1890 constructed its roadway through said block 17.

The tax deed is prima facie evidence of a valid tax sale. Const. 1879, art. 209. The description of the property is defective, but not fatally so, as the lot could have been identified by reference to the sale from the succession of Sallier, which was duly recorded.

Plaintiffs contend, however, that lot 17 was not assessed to Mrs. M. L. Sallier, but that both lots or blocks were assessed to the succession of Sallier for the year 1885, and the taxes were paid by the executrix.

The assessment rolls for 1885 were not filed in evidence, but it is argued that as the succession sale did not take place until April 9, 1885, there could have been no assessment for the year to Mrs. M. L. Sallier. It is true that property should be assessed as of date January 1st of the current tax year,

and that, as a legal proposition, both blocks should have been so assessed to the succession of Sallier. But it is well known that assessments are often changed by consent of parties before the rolls are closed. In the deed from the succession it is stated, "Taxes due and exigible in 1885 to be assumed by the purchaser." An assessment to the purchaser would not have been unusual or illegal under the circumstances. The evidence shows that the succession paid state, parish, and corporation taxes for 1885. The receipts for taxes were mislaid, but counsel stated in argument that they had been found since the trial below. Judge Kleinpeter refers to these receipts in his testimony, which inferentially connects them with lot No. 17 of the Sallier Subdivision. After stating that the tax vouchers were in the record of the succession, and corresponded with the amounts charged on the executrix's tableau, the examination proceeded as follows:

"Q. They were the taxes for the six eighty-five?
"A. Yes, sir.
"Q. You and I examined it critically and made a memorandum?
"A. Yes, sir; I found since, and in a short while after, feeling uneasy about these receipts, upon examination, that they had disappeared from the record. How that happened, I don't know."

The first question propounded to Judge Kleinpeter referred to "receipts of the tax collector for No. 17 of the Sallier Subdivision," and it is difficult to infer that the answers of the witness referred to taxes on other property.

In the first question quoted supra the word "six" is meaningless, and is evidently clerical error. Defendant did not in rebuttal offer in the evidence the tax rolls of 1885 to show that lot 17 had not been assessed to the succession of Sallier, but had been assessed to Mrs. M. L. Sallier. The rolls were of record, and the fact of assessment to the succession

of Mrs. Sallier or to both was susceptible of authentic proof. The rolls not having been offered in evidence, and the receipts having been lost or mislaid, we do not feel justified in this case, based on testimony which is obscure in a material part, owing to clerical error in taking down or in transcription. We think that justice to both parties requires the remanding of this case as to block 17. We therefore find it unnecessary to consider any questions of law relative to the tax title held by defendant.

As to the monition order or decree of the United States Circuit Court in the receivership of the Kansas City, Watkins & Gulf Railway Company, calling on all persons having claims against the receiver to present the same within 60 days, we do not think that such monition barred third persons from asserting title to the property. Texas & P. Ry. Co. v. Johnson, 151 U. S. 104, 14 Sup. Ct. 250, 38 L. Ed. 81. Nor do we see how estoppel can apply to an insane person.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and it is now ordered and decreed that plaintiffs are the lawful owners of the strip of ground 50 feet in width extending through block or lot 18 of the Sallier Subdivision of the town of Lake Charles, La., occupied and used by defendant as a right of way for railroad purposes, reserving to plaintiffs the right to recover the value thereof and damages as in case of expropriation, if defendant shall elect to keep the property; and it is further ordered that the case be remanded for further proceeding and adjudication as to block or lot 17; defendant to pay costs of appeal and all costs of lower court up to this date, and also cost of executing judgment herein rendered; all other costs to await the final judgment on the issues to be hereafter determined.