ST. PAUL, J.
 

 This is a suit to enforce a mortgage via ordinaria upon property belonging to minors. The defense is that the money
 
 *1031
 
 was borrowed for speculative purposes and the minors are not bound. R. C. C. arts. 339, 340, authorizes the mortgage of minor’s property on the advice of a family meeting. Act No. 110 of 1920 (Cf. Act No. 319 of 1926) authorizes the judge having jurisdiction over the minors to act for said minors in any matter whatsoever without the advice of a family meeting, whenever the 'tutor shall lay before him in detail what he proposes to do on behalf of said minors, and the undertutor of said minors concurs in the recommendations of said tutor and gives his reason for such concurrence.
 

 The minors herein involved were the owners of two pieces of real estate in Shreveport on each of which was a dilapidated building, and on one of which rested a prior mortgage of $750. He consulted several persons as' to the advantage of improving said property, and upon their agreeing that it would be so, he approached plaintiff for the purpose of financing the same. This plaintiffs agreed to do, if the tutor should obtain proper authorization from the court.
 

 Thereupon the tutor, with the concurrence of the undertutor, laid the whole matter before the judge in detail, advising him that he wished to mortgage one of said, lots for $4,000 for the purpose of improving same and paying the $750 mortgage thereon, and to mortgage the other of said lots for $10,000 for the purpose of putting an apartment house thereon.
 

 The judge approved the plan of the tutor; whereupon the mortgages were given and the properties improved as proposed. But the tutor having failed to pay the installments due thereon, as provided for by the mortgage, plaintiffs proceeded to foreclose said mortgages as above said.
 

 It is urged by the defendant that said transaction was wholly speculative, because the net revenues of both properties, above interest, taxes, and insurance, were only $750 per annum, which manifestly would not suffice to pay the mortgage within the time of their maturity, to wit, three years.
 

 Doubtless that is true, but 'had the tutor applied the revenues of the property to mortgage instead of applying them to his own use, as he did, the mortgage would 'have 'been materially reduced at the end of three years and could have been renewed and eventually extinguished.
 

 But, be that as it may, the lenders of the money were not called upon to decide whether the transaction was or was not one which was to the advantage of the minors. That was for the tutor, the undertutor, and judge •to decide; and these having decided that 'the transaction was to the advantage of the minors, the decree of the court fully protected the lenders of the money.
 

 Where the court is vested with jurisdiction and its proceedings are regular, the lender of the money is protected by the decree authorizing the mortgage, and is not obliged to see that the money advanced by him is applied properly by the -tutor or that the transaction is to the advantage of the minors. Scottish-American Mortgage Co. v. Ogden, Tutor, 49 La. Ann. 8, 21 So. 116; Succession of Hickman, 13 La. 364; Cane v. Cawthon, 32 La. Ann. 953; Succession of De Lerno, 34 La. Ann. 39.
 

 It is quite true that a tutor cannot even with the advice of a family meeting purchase property for the minors on terms of credit. Randlett v. Gordy, 32 La. 904; Hall v. Woods, 4 La. Ann. 85. That is because the law authorizes no such purchase. In Williams v. Chotard, 11 La. Ann. 247, this court said:
 
 *1033
 
 “We hold that this Article [authorizing the mortgage of minors property on the advice of a family meeting] has reference to the property which already belongs to the minor at the time of the application of the tutor and the convening of the family meeting, and that a prospective mortgage of property, which it is proposed to acquire for the minor, is not authorized by the Article.” But R. C. C. arts. 339, 340 (old Nos. 334, 335), does authorize the mortgaging of property belonging presently to the minor, if in the opinion of the tutor and the family meeting (now the judge) it be to the interest of and advantageous to the minor.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.