For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., being absent during the argument, takes no part.

150 So. 850

**KLING MORTG. INV. CO., Inc., v. DON-OVAN.**

**In re DONOVAN.**

No. 32552.

Oct. 30, 1933.

Donnaud, Voss & Schellhaas, of New Orleans, for relator.

Rittenberg & Rittenberg, of New Orleans, for respondent.

LAND, Justice.

The plaintiff, Kling Mortgage Investment Company, issued executory process against Peter N. Donovan, curator of Agnes Catharine McDermott, on a note for $3,250, made to the order of himself and by him indorsed, payable two years after date, with interest at 8 per cent. per annum from November 7, 1930, until paid, interest payable semiannually.

In an act of mortgage, authentic in form, defendant granted a special mortgage to plaintiff under the pact de non alienando upon three separate lots and improvements thereon in the city of New Orleans, the prop-

erty of Agnes Catharine McDermott, the interdict.

In this act defendant confessed judgment upon the note, and consented that, if the same was not paid in accordance with its terms, the property might be seized and sold by executory process for cash, and without appraisement, and to pay 10 per cent. of the amount sued on as attorney's fees, if it should become necessary to institute suit for recovery on the note.

The order of executory process was issued on the 3d day of July, 1933, and defendant was notified by the civil sheriff for the parish of Orleans that he would proceed to advertise and sell, without appraisement, and for cash, the property mortgaged to satisfy the writ issued in the case.

Thereupon, defendant applied for a preliminary injunction to restrain the sheriff and plaintiff from advertising for sale, or from selling or attempting to sell, the property seized, on the ground that the executory process was illegally issued.

Annexed to the petition for executory process is the following order:

"Interdiction of Agnes Catharine McDermott.

"Order.

"Considering the above petition and annexed affidavits, it is hereby ordered that Peter N. Donovan, duly appointed and qualified Curator of the interdict, Agnes Catharine McDermott, be and he is hereby authorized to execute a mortgage in the amount of $3,250.00, with interest at the rate of 8% per annum, said interest payable semi-annually, said mortgage to extend over a period of two years, on the property of the interdict, bearing the municipal numbers 3521–3523 Cleveland St., 1411–1413 Bienville St., and 1412–1414 Bienville St., and he is hereby authorized to execute a mortgage note under the above enumerated conditions, and sign any and all documents incidental thereto, for the purpose of paying said debts of the interdict hereinabove set out, and he is hereby authorized to pay same.

"[Signed]   M. M. Boatner, Judge
"New Orleans, La. Nov. 6, 1932."

In the petition for the preliminary injunction, defendant avers as some of the reasons for annulling, recalling, and setting aside the order of executory process herein issued the following:

(1) That the petition of the Kling Mortgage Investment Company discloses no legal cause or right of action.

(2) That the order attached to the petition of the Kling Mortgage Investment Company does not give the curator of the interdict the authority to grant a mortgage under the terms stipulated in the petition of that company, and more particularly the pact "de non alienando," nor to confess judgment in any manner whatsoever, nor to consent that the property might be seized and sold by executory process for cash and without benefit of appraisement, nor to pay the fees of the attorney at law who may be employed for that purpose, nor to fix the fees of the attorney at law at 10 per cent. of the amount sued on.

On the trial of the rule nisi for a preliminary injunction, it was ordered by respondent judge that the same be discharged, subject, however, to the property herein foreclosed upon being appraised according to law, and

that the civil sheriff should not sell same until appraised in accordance with law.

Whereupon, defendant, relator, applied to this court for a writ of mandamus directed to the Honorable Hugh C. Cage, judge of the civil district court, division A, commanding him to grant to relator a preliminary writ of injunction, and for a writ of prohibition, restraining plaintiff and the civil sheriff for the parish of Orleans from executing or attempting to execute the executory process issued in the lower court.

Respondent judge and plaintiff take the position that relator did not exceed his authority by granting a mortgage with the "pact de non alienando," by confessing judgment and consenting to executory process, and by waiving appraisement and agreeing to pay 10 per cent. attorney's fees.

In this view of the case we cannot concur.

The relator, the curator, and the undercurator of the interdict, in the joint petition addressed to the lower court for authority to borrow money for the payment of the debts of the interdict, did not petition for any authority to confess judgment, waive appraisement, consent to executory process, nor pay the fees of an attorney who might be employed to enforce payment, nor to insert the pact "de non alienando."

In vain do we look in the order of the lower court, authorizing the execution of the mortgage upon the property of the interdict, for authority for any such stipulations in the act of mortgage to be executed in this case.

██ Under Act No. 319 of 1926, the judge of a court of competent jurisdiction may render decrees or orders with reference to the interest of minors and interdicts, without the convocation of a family meeting, upon the concurrence of the tutor or curator and the undertutor or undercurator in the recommendations made, and the decree of homologation entered has the same force and effect as though a family meeting had been convoked and held.

It follows, therefore, that the order of the judge in this case, authorizing the mortgage to be placed upon the property of the interdict, must be construed in the same manner as if the mortgage had been recommended by a family meeting, and its deliberations had been duly homologated.

In the case of Scottish-American Mortgage Company, Ltd., v. Wm. F. Ogden, individually and as tutor et al., 49 La. Ann. 14, 21 So. 116, 118, the tutor obtained consent from the family meeting to obtain a loan from the mortgage company. The family meeting recommended the confession of judgment and executory process, and the judge homologated the proceedings. Neither the family meeting nor the judge authorized the waiving of appraisement. In that case the court said: "Tutors, when they contract in pursuance of deliberations of a family meeting, must confine themselves within the clear and well-defined instructions given. The contract gets its binding force from the family meeting. *Any departure from the recommendation inflicting the least injury upon the minors, or waiving any right they may have, is as though it had never been entered into, and is of no effect. The family meeting did not recommend a sale without benefit of appraisement.*

*"This stipulation in the mortgage is null and void."* (Italics ours.)

The person interdicted is in every respect like the minor who is under a tutor both as it respects his person and estate. R. C. C. art. 415.

The tutor cannot borrow for the minor, purchase for him immovables, or compromise respecting his rights, without an authority from the judge, granted on the advice of a family meeting. R. C. C. art. 353.

A confession of judgment made by a mother, in her capacity as tutrix of her minor child, is not binding on the minor or his property. Metcalfe v. Alter, 31 La. Ann. 389.

"Even if the wife had been regularly appointed as curatrix, she had no more power to compromise respecting the rights of the interdict, or to confess judgment in his behalf, than a tutor of a minor under like circumstances. Civ. Code, arts. 415, 353; Graham v. Hester, 15 La. Ann. 148; Metcalfe v. Alter, 31 La. Ann. 389." Sallier v. St. Louis, W. & G. R. Co., 114 La. 1093, 38 So. 868, 869.

It is true that: "The legal object and the legal effect of the authority conferred by the law to tutors, when advised and empowered thereto by a competent court, under the advice of a family meeting, to perform certain contracts for and in the name of the minors intrusted to their charge, are to assimilate such contracts in every particular to the acts of persons of full age." Scottish-American Mortgage Co., Ltd., v. Wm. F. Ogden, individually and as tutor et al., 49 La. Ann. 13, 21 So. 116, 118.

But, in the case at bar, the curator obtained authority from the judge merely to mortgage the property. This order has the same binding effect and is of the same dignity as though recommended by a family meeting, and must be strictly construed. The curator was bound by the order to execute nothing but a mortgage to be enforced via ordinaria, and could not go beyond the terms of that order. The mere fact that the notary used a printed form containing provisions for executory process, etc., not included in the order, cannot be legally binding upon the interdict or her property.

If the unauthorized stipulations in the act of mortgage are eliminated as null and void, it is manifest that the plaintiff, Kling Mortgage Investment Company, would not be entitled to the order for executory process issued in this case.

It is therefore ordered that the rule nisi herein to show cause why a preliminary injunction should not be issued be made absolute, and that respondent judge, Hon. Hugh C. Cage of division A of the civil district court for the parish of Orleans, issue a preliminary injunction herein as prayed for by relator, and according to law.

It is further ordered that the right he reserved to plaintiff, Kling Mortgage Investment Company, to enforce its mortgage via ordinaria, in an appropriate proceeding, and in accordance with the views herein expressed.

It is further ordered that plaintiff, Kling Mortgage Investment Company, pay the costs of this proceeding.