HERGET, Judge.
Plaintiff, M. H. Hendry, acting under the provisions of LSA-R.S. 13:4911 and 13:4912, filed a summary proceeding to evict the defendant, Mrs. Lena G. Nicolosi, from her home located in Tangipahoa Parish. The sections read:
“§ 4911. Occupant other than tenant or lessee; notice of removal
“When any share-cropper, half hand, day laborer, or other occupant of land holding through the accommodation of the owner, or any other occupant other than a tenant or lessee, shall be in possession of any house, building or landed estate, after the purpose of such occupancy and possession shall have ceased and terminated, whether for reason of breach or termination of contract, or otherwise, and the owner of such house, building or landed-estate so occupied and possessed, or his agent, shall desire to obtain possession of the premises, he shall demand and require in writing such occupant or possessor to remove from and leave the same, allowing him five calendar days from the day such notice is delivered.”
“ § 4912. Same; rule to show cause
“If the occupant or possessor, whether he be a sharecropper, half hand, day laborer, occupant of premises through the accommodation of the owner, or occupant other than a tenant or lessee, shall refuse to comply with the notice, after the expiration of such delay, and to remove from the premises, the landowner may cause the occupant or possessor to be cited summarily to show cause, within two-days after service of such rule, before any court of competent jurisdiction, why he should not be condemned to surrender the possession of the premises' so occupied and possessed.
In Article 4 of the petition, it is alleged:
“That since said date notwithstanding amicable demand, defendant has failed and refused to vacate the premises and has failed and refused to pay any rent whatsoever.”
Though reference is made to the failure to pay rent, there was no showing made of any relationship of landlord and tenant and, therefore, no obligation made for the payment of rent and consequently this is not an issue in the case.
An exception of no cause or right of action and an exception leveled at the mode of procedure utilized by plaintiff were filed.
The minutes of the Trial Court for January 29, 1960 reveal that “* * * the Court ordered that all exceptions be treated as exceptions of vagueness and maintained, and ordered that the plaintiff have five days in which to amend his petition, to set out notices made.”
Under the minutes of date February 5, 1960, we find:
“ * * * This day this case came up on exception E. C. Schilling, Jr., representing the plaintiff and Charles B. W. Palmer for defendant, and after argument and stipulation dictated into the record the exception was referred *73 to the merits and the suit submitted on authorities to be filed * *
It does not appear from the record what exception was taken up, but there is a stipulation in the record, as follows:
“Stipulation made in open court at Amite, La. on February 5, 1960, before H. R. Reid, Judge, present were Charles B. W. Palmer, attorney for Defendant and Edwin C. Schilling, attorney for plaintiff.
“It is stipulated by and between counsel for plaintiff and defendants that Mr. Marion H. Hendry is vendee in a cdrtain (certain) act of sale dated May 22, 1959 recorded in COB 238, page 494, from A. E. Hood, Sr.,
“It is further stipulated that counsel for defendant admits the deed but denies that A. E. Hood, Sr. was full owner of the property.
“It is admitted that Mrs. Nicolosi has received notice to vacate the premises and has not done so.
“It is stipulated by and between counsel for defendant and defendant that the minor heirs enumerated in Article 9 of defendant’s answer are the minor heirs of the marriage between Luke Nicolosi and Lena Garon Nicolosi, made defendant herein, and it is further stipulated that Mrs. Nicolosi and her minor heirs are in possession and living in the house that is located on the property described in Article 9 of the defendant’s answer.
“It is further stipulated that this description No. 1 and No. 2 in Article 9 of defendant’s answer, that the property therein is adjacent from a ten acre plot of land and that Mr. Hendry is in possession of the lot other than the one the house is on.
“It is further stipulated that the allegations of Article 10 are correct.
“It is stipulated that their father died and his succession was opened, No. 3135.
“It is further stipulated that there was never any rent paid.”
On May 23, 1960, the minutes of the Trial Court reflect:
“ * * * This day Court rendered judgment herein in favor of the plaintiff and against the defendant making the rule absolute and ordering the defendant and her children to vacate premises. That That all counsel be notified.”
On May 27, 1960, judgment was read and signed in open court, in which:
“* * * It is ordered, adjudged and decreed that the rule be made absolute and that accordingly, that Mrs. Lena Nicolosi and her children be ordered to vacate the premises described in the petition and to deliver possession of same to petitioner.”
It is from this judgment that Mrs. Lena Nicolosi, individually and as tutrix for her minor children, being unable to furnish bond in the sum of $1,000 for a suspensive appeal, perfected a devolutive appeal in forma pauperis to this Court.
One of the special defenses set up by Mrs. Lena Nicolosi, as tutrix of her minor children who lived with her and were occupying the premises from which they were evicted, was that the minor children were the co-owners in indivisión of an undivided %2ths interest in the property from which they were evicted.
On the trial of the case there was offered in evidence the succession proceedings in the Succession of Luke Nicolosi, Jr., father of the minor children involved, in which, by rule of Mrs. Lena Garon Nicolosi served on the under-tutor, a judgment was obtained in which she was
“ * * * authorized and empowered to execute a loan in the sum of $5,-000.00 by encumbering her home in order to finance the outstanding obligations due by the estate of the decedent:
“It is ordered, adjudged and decreed that she be hereby authorized and em *74 powered to execute all instruments necessary and incidental, including the encumbering of the property belonging to the estate of the decedent, in order to effect a loan in the sum of $5,000.00.”
Under this order, as appears from the offerings in this suit, defendant obtained a loan from Community State Bank in the sum of $5,000 and there was prepared in connection with the loan a mortgage of the property herein involved containing clauses providing for a confession of judgment and for the seizure and sale of the property under Executory Process, for cash, without appraisement, upon the failure to pay the installments represented in the note. This note was sold to Arthur E. Hood, plaintiff’s immediate vendor and, upon the failure on the part of the makers of the note to pay same, suit was filed on the note via Execu-tory Process, the property was seized and sold at Sheriff’s Sale, without appraisement, and Mr. Hood, plaintiff’s vendor, became the purchaser. Subsequently plaintiff acquired the property from Mr. Hood.
In the case of Brown et al. v. Weldon, La.App., 199 So. 620, which was a summary proceeding instituted for an eviction under the same provisions as that herein involved, the defendant pled he was the owner of the land by virtue of a- Contract of sale. Whereupon, the Trial Court dismissed the suit of plaintiff for the reason that because of such claim of possession the plaintiff could not proceed under the summary process. On appeal, this Court, with Judge Dore as the organ, concluded that plaintiff did have a right to proceed by the summary action in such circumstances; finding that the defendant, however, had failed to comply with his contract to purchase the property entitling him to the possession thereof, it reversed the Trial Court and ordered the defendant to surrender possession to the plaintiff.
In the case of Wooten v. Jones et al., 200 La. 333, 8 So.2d 46, the Supreme Court of this State in a summary ejectment proceeding similar to the one here, where an eviction of the defendant was granted, remanded the case to the Trial Court for the purpose of permitting the defendant to offer proof of the special defense therein made that the defendant did not execute the authentic act through which plaintiff therein obtained title or that his wife’s consent thereto had been obtained through fraud and misrepresentation. In that case the plaintiff’s attorney contended that in an ejectment proceeding such as this, the defendant could not, by his answer or intervention, change the character of the action from a summary to an ordinary one or introduce new and foreign issues therein. These contentions were answered by the Court by stating that the defendant was not seeking to make any objection to the proceeding of plaintiff, and that he did not seek to introduce new and foreign issues because the plaintiff had alleged in his petition that he was the owner of the premises and the defendant had denied same; similarly, in this suit the plaintiff claims ownership of the property which defendant has denied for and on behalf of her minor children.
We, therefore, are. of the. opinion that the special defense set up by defendant herein for and on behalf of her minor children is proper.
The defense herein made by defendant in behalf of her minor children does not strip plaintiff of the right to proceed in a summary manner under the statute; on the other hand, the defendant is not denied the right to interpose such special defense if same may be- maintained. Lovecchio v. Graffagnini, La.App., 90 So.2d 694. There are no reasons in the record to indicate the Trial Court’s disposition of this special defense interposed by the defendant on behalf of her children.
In the case of Kling Mortgage Investment Company, Inc. v. Donovan [In re Donovan], 178 La. 119, 150 So. 850, the Supreme Court of this State, where a curator of an interdict obtained an order from the judge to mortgage the property, held that the curator was bound by the order to execute nothing but a mortgage to be en *75 forced via 'ordinaria and could not go beyond the terms of the order and execute a mortgage providing for Executory Process, concluding that the unauthorized stipulations in the act of mortgage being beyond the order were null and void and maintained an injunction prohibiting the plaintiff from proceeding for the enforcement of his mortgage by Executory Process but reserved the right to proceed via ordinaria. It is to be noted that under our law curators of interdicts and tutors of minors are similarly restricted in dealing with the property of their wards and cannot bind or obligate their charges beyond the authority granted by the court.
In the case of Gumpert v. Signal et al., 180 La. 59, 156 So. 174, 175, the Supreme Court of our State, with Justice Rogers as the organ — where an order had been obtained by the widow and tutrix “ ‘ * * * to mortgage the property owned by the minors herein and described in the foregoing petition, said mortgage to be in the sum of Seven Hundred Fifty Dollars ($750.00) and bearing eight per cent. 8%, interest from date until paid, with all usual security clauses.,’ ” — held that the authority to execute the mortgage “with all usual security clauses” included the right to execute a mortgage with the pact de non alienando confession of judgment and waiver of appraisement clauses, and quoted with approval the language of the Court of Appeal in the disposition of the issue:
“It seems to us that the clauses with reference to the pact de non alienando confession of judgment and waiver of appraisement are so generally used in conventional mortgages that the courts. can take judicial notice of those three clauses ‘as usual security clauses.’ ”
In the instant case, the order signed by the Judge permitted the tutrix to “ * * * execute all instruments necessary and incidental, including the encumbering of the property * * This language is insufficient, in our opinion, to read into the authority granted to the tutrix to place in the mortgage clauses providing for the pact de non alienando confession of judgment and waiver of appraisement. All that it does is permit the tutrix to encumber the property and, without special authority granted by the judge to include in the act of mortgage the said clauses, — as in the case of Kling Mortgage Investment Company, Inc., hereinabove referred to— the Tutrix exceeded the powers granted to her by the Court and has acted beyond the scope of the authority vested in her by the order of the Court.
Therefore, it is apparent on the face of the record that the mortgagee was restricted to an action via ordinary to enforce its mortgage and the judgment, seizure and sale under Executory Process by which plaintiff’s vendor in title acquired is a nullity and, in consequence of which', the minor children are owners in indivi-sión of an undivided %2ths interest in the property on which they were living and were evicted from and in view thereof the plaintiff did not have a right to evict them under the provisions of LSA-R.S. 13:4911.
Consequently, the judgment rendered by the Trial Court on May 23, 1960, read and signed on the 27 day of May, 1960 evicting the minor children of Mrs. Lena Nicolosi from the premises is erroneous and is. reversed at plaintiff’s cost.
Judgment reversed.
ELLIS, J., recused.